IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,      :      Case No. 2:20-cv-1873

  - vs -                                 Chief Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                                   :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO CERTIFY

This habeas corpus case, brought *pro se* by Petitioner Joseph Shine-Johnson, is before the Court on Petitioner's Motion to Certify a Question of State Law to the Ohio Supreme Court (ECF No. 11) which Respondent opposes ("Response," ECF No. 12).

The Magistrate Judge reference in this case has been transferred to the undersigned to help balance the Magistrate Judge workload in this judicial district.

Petitioner seeks to invoke the procedure established by Ohio S.Ct.Prac.R. 9.01(A) which provides:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

This rule was initially adopted in 1994 on the joint initiative of District Judge Walter H. Rice

of this Court and the late Thomas Moyer, then Chief Justice of the Supreme Court of Ohio. The object was to put in place by court rule under the Ohio Modern Courts Amendment the practice recommended by the National Conference of Commissioners on Uniform State Laws for a federal court to obtain an authoritative ruling on a question of state law.

Part of the purpose of the Uniform Act and the Rule is to replace the cumbersome process of waiting for a case to make its way through the full course of state litigation as is required by practice under the abstention doctrine. See *Younger v. Harris*, 401 U.S. 37 (1971); *New Orleans Public Services, Inc., v. Council of the City of New Orleans*, 491 U.S. 350 (1989); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982); *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

Certification is not a matter of right. Whether to issue a certification order rests in the sound discretion of the District Court. *Rutherford v. Columbia Gas*, 575 F.3d 616, 628 (6th Cir. 2010), *quoting Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974). Nor is the Supreme Court of Ohio bound to accept and answer a certified question. S.Ct.Prac.R. 9.05(B). Certification should be invoked only when the "question is new and the state law is unsettled." *Transamerica Insurance Company v. Duro Bag Manufacturing Company*, 50 F.3d 370, 372 (6th Cir. 1995).

The question Shine-Johnson first seeks to have certified is

> Are the Substantive amendments to R.C. 2901.05 Burden of Proof statute removing the burden of proof by preponderance of evidence from the accused and placing the duty upon the State to disprove the Affirmative defense of Self-Defense beyond a reasonable doubt, constitutionally required to be applied retroactive to all cases including to cases that are final?

(Motion, ECF No. 11, PageID 132).

Later, he poses two different questions:

> Does this change fall under the Retroactive Application provided by the U.S. Supreme Court in *Hankerson v. North Carolina*, 432 U.S. 233, 97 s. Ct. 2339, 53 l. Ed. 2d 306 (1977)?
>
> Does the Ohio Supreme Court recognize this change to a substantive section of the law, as the burden of proof and the absence of self-defense beyond a reasonable doubt being included as an element, would require under the Due Process Clause, as falling under the Complete Retroactive Application guidelines held within *Teague v. Lane*, 489 US 288 [(1989)], and recently upheld in *Montgomery v. Louisiana*, [577 U.S. ___], 136 S. Ct. 718 [(2016)].?

*Id.*. at PageID 134.

Having stated the questions, Shine-Johnson then proceeds to argue at some length about whether the amendment to the burden of proof in Ohio Revised Code § 2901.05 made by the Ohio General Assembly as of March 2019 must be applied retroactively to his case where the homicide in question occurred September 18, 2015. See *State v. Shine-Johnson,* 2018-Ohio-3347 (Ohio App. 10th Dist. Aug. 21, 2018), appellate jurisdiction declined, 155 Ohio St. 3d 1439 (2019). In a summary of his argument, he asserts

> So far the Ohio Courts has [sic] refused to honor the Constitution of the United States. The petitioner is entitled to retroactive application of the changes to Ohio Revised Code 2901.05 with the rulings by the U.S. Supreme Court in *Montgomery v. Louisiana*, 136 S. Ct. 718 Citing *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060. 103 L. Ed. 2d 334 (1989).

(ECF No. 11, PageID 140.)

This is not a claim about a determinative question of Ohio law, but a claim about applicable federal constitutional law. The state courts are fully competent to decide questions of federal constitutional law. When they do so in a case that later comes to federal court in habeas corpus, their decisions are entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") unless they are contrary to or objectively unreasonable applications of Supreme Court precedent. But Ohio S.Ct.Prac.R. 9 does

not provide a method for getting an Ohio Supreme Court opinion on a question of federal law.

The Motion to Certify is DENIED.

September 2, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge