IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,     :    Case No. 2:20-cv-1873

  - vs -                                 Chief Judge Algenon L. Marbley
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                    :
        Respondent.

## DECISION AND ORDER ON MOTIONS TO RECONSIDER AND COMPEL

This habeas corpus case, brought *pro se* by Petitioner Joseph Shine-Johnson, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 23) and Judicial Notice to Chief Judge Algenon L. Marbley (ECF No. 24).

While this case was referred to Chief Magistrate Judge Elizabeth A. Preston Deavers, she granted, on May 1, 2020, Petitioner's unopposed motion to stay these proceeding pending resolution of Petitioner's state court post-conviction proceedings (ECF No. 10).  Despite having requested and received a stay of proceedings, Petitioner has continued to actively litigate the case by filing a lengthy Motion to Certify (ECF No. 11), an initial Motion to Compel Discovery (ECF No. 18), and the two matters *sub judice* questioning Magistrate Judge Deavers decision on the Motion to Compel.

In her Order, Magistrate Judge Deavers, acting on Petitioner's representation that he had

1

been unable "to obtain a copy of his criminal case from his former defense attorney," ordered that attorney, Frederick Benton, to respond (ECF No. 19, PageID 183).  Attorney Benton responded that "he personally delivered the entire case file to the Petitioner on February 10, 2017 at the Franklin County Jail."  Magistrate Judge Deavers accepted that representation and denied the Motion to Compel (ECF No. 187).

Shine-Johnson now moves for reconsideration or to have the entire question of his motion to compel shifted to Chief Judge Marbley on grounds Attorney Benton has committed fraud (ECF No. 23, PageID 191).  Petitioner relates that some of his file in the possession of Mr. Benton was on CD/DVD and viewable by him only through counsel visits. *Id.* at PageID 192.  Other discovery material which the prosecutor had provided to Attorney Benton was designated "counsel only" and not shown to Shine-Johnson at all. *Id.* He avers that he was before the trial court regarding these withheld items on February 23, 2016, cites a page of the trial transcript which he has not provided, and promises an affidavit which he also has not provided.

Having reviewed the response of Attorney Benton, the Court finds no fraud.  Mr. Benton does not claim he turned the entire discovery file over to Shine-Johnson but admits he has withheld counsel only discovery and material on formats unusable in the jail.

Shine-Johnson, however, claims he is entitled to the "entire" file, citing *Maxwell v. Florida*, 479 U.S. 972 (1986), and *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982).  The only decision of the Supreme Court of the United States that appears at the cited place is a denial of certiorari. Justices Brennan and Marshall dissented from denial of review based on their long-held belief that the death penalty violates the Eighth Amendment.  Only Justice Marshall expressed an opinion about a client's obtaining all of his attorney's file.

In *Spivey* the client had issued a subpoena *duces tecum* for his attorney's file which the

2

attorney resisted on work product grounds. The Fifth Circuit held "Absent any assertion by Schloth of some particularized and superior interest in the materials, Spivey was entitled to all portions of Schloth's file relevant to the proceedings in the district court." 683 F.2d at 885. The Fifth Circuit did not hold Spivey was entitled to the "entire" file, but only such porttions as were relevant to the case in district court.

Having distinguished the authority relied on by Shine-Johnson, the Court believes it is necessary to step back and place the matters *sub judice* in context.

This is a habeas corpus case. A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). This case is not ripe even for a consideration of discovery because it is stayed, at Petitioner's request, to allow the state courts to decide those relevant issues which remain pending in the post-conviction process. If the state courts grant Petitioner the relief he seeks, the instant habeas petition will be moot.

If the state courts do not grant relief, the stay will be dissolved and the State will be required to answer the Petition; Petitioner then will have time to file a reply, whereupon the issues to be decided in this case will be framed. At that time it will be appropriate for Petitioner to move for discovery. This Court will be able to consider evidence not presented to the state courts only if it first decides that the state court decision is contrary to or an objectively unreasonable application of Supreme Court precedent. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Petitioner's Motion assumes that his motion to compel can, at his request, be shifted to Chief Judge Marbley for decision. The same assumption appears to underlie his Judicial Notice

3

to Chief Judge Marbley (ECF No. 24).  That's not the way the system works; litigants do not get to apportion their issues among the judges of a court.  The office of United States Magistrate[1] was created by Congress in 1968 to assist United States District Judges with the then-burgeoning caseload of civil rights cases under 42 U.S.C. § 1983 and Title VII of the 1964 Civil Rights Act, as well as habeas corpus cases.  District Judges can refer to Magistrate Judges practically any aspect of the work of our courts, except the trial and sentencing of felony cases and issuance of wiretap orders.  When they do so, the assigned Magistrate Judge can actually decide certain matters and make recommendations to the District Judge on other kinds of matters.  Regardless of the kind of matter referred, any party has fourteen days after a Magistrate Judge's decision to file specific objections which will then be considered by the District Judge.  The decision to refer a matter to a Magistrate Judge is entirely within the discretion of the assigned District Judge, but in this case, as with all habeas corpus cases filed in this District, the District Judges have referred all habeas corpus cases to the Magistrate Judges for pre-decision management and eventual recommendation for decision.

Accordingly, Petitioner's motions for reconsideration and to have Chief Judge Marbley decide his discovery motion are DENIED.  The denial of discovery of Attorney Benton's file is without prejudice to its renewal at the appropriate time.

September 4, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] The title was changed to Magistrate Judge in 1991.