# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

   - vs -                      Chief Judge Algenon L. Marbley
                                   Magistrate Judge Michael R. Merz

WARDEN,
 Belmont Correctional Institution,

                                :

        Respondent.

## DECISION AND ORDER DENYING MOTIONS TO EXTEND STAY

This habeas corpus case is before the Court on two Motions by Petitioner to extend the stay in this case (ECF Nos. 33 and 34).

On December 16, 2020, the Magistrate Judge dissolved the stay previously entered in this case, noting that the stay had been entered to allow Petitioner to exhaust available state court remedies, but that the Supreme Court of Ohio had, on December 15, 2020, declined to accept jurisdiction over Petitioner's appeal in Case No. 20-1302. Since that was the only state court proceeding of which petitioner had advised this Court, the undersigned found Petitioner's state court proceedings were completed.

Shine-Johnson asks that the stay be extended because of an impending change in the law, to wit, adoption of the Ohio Duty to Retreat Act, Senate Bill 383 of the 133rd Ohio General Assembly. The Magistrate Judge understands that the legislation has been enacted by both houses of the General Assembly and forwarded to Governor DeWine who has not yet signed. But even

1

2

if signed by the Governor, the Act will have no impact on this case.  It does not contain any express provision for applying it to cases that become final before it becomes law and courts presume that statutes are not intended to be retroactively applicable.  *Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1988).

Shine-Johnson expresses a hope that the new statute might be retroactive under *Teague v. Lane*, 489 U.S. 288 (1989), but the *Teague* doctrine only applies to retroactive application of new Supreme Court decisions.

So far as Petitioner has shown, he has no pending litigation in the state courts which would justify a further stay and no likelihood the new Duty to Retreat Act, even if signed, will be applicable to this case.  Therefore the Motions to Extend Stay are DENIED.

December 29, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge