# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,      :    Case No. 2:20-cv-1873

  - vs -                        Chief Judge Algenon L. Marbley
                             Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                        :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO REINSTATE STAY; NOTICE TO PETITIONER

This habeas corpus case is before the Court on Petitioner's Motion to Reinstate the Stay of these proceedings (ECF No. 38). These case is also before the Court on Respondent's filuing of the State Court Record and Return of Writ (ECF Nos. 39 and 40).

A stay of these proceedings was entered on Petitioner's Motion by Chief Magistrate Judge Elizabeth Preston Deavers on May 1, 2020 for the purpose of allowing Petitioner to exhaust pending state court proceedings related to his conviction (ECF No. 10). On December 16, 2020, the undersigned, to whom the Magistrate Judge reference in the case has been transferred, dissolved the stay, noting

> that the Supreme Court of Ohio had, on December 15, 2020, declined to accept jurisdiction over Petitioner's appeal in Case No. 20-1302. Since that was the only state court proceeding of which petitioner had advised this Court, the undersigned found Petitioner's state court proceedings were completed.

(ECF No. 30).

Petitioner then filed two Motions by Petitioner to extend the stay in this case based on an impending change in the law, to wit, adoption of the Ohio Duty to Retreat Act, Senate Bill 383 of the 133rd Ohio General Assembly. (ECF Nos. 33 and 34). The Magistrate Judge denied those Motions on the ground that, even if the Act was signed by Governor DeWine, it would not be effective retroactively so as to apply to this case (ECF No. 35).

Shine-Johnson seeks reinstatement of the stay to allow him to file a petition for certiorari to the United States Supreme Court to seek review of the December 2020 decision of the Supreme Court of Ohio. That decision was a denial of appellate review (ECF No. 39-1, Ex. 107). The decision on which Shine-Johnson sought Ohio Supreme Court review was *State v. Shine-Johnson,* 2020-Ohio-4711 (Ohio App. 10th Dist. Sept. 30, 2020). In that decision the Tenth District held, pursuant to Ohio Revised Code § 2953.23, that the Franklin County Court of Common Pleas did not have jurisdiction over Shine-Johnson's petition for post-conviction relief "because Shine-Johnson did not file until more than 365 days after the date the transcript was filed in his direct appeal (May 19, 2017)." *Id.* at ¶ 1. It modified the judgment of the trial court to reflect a dismissal for lack of jurisdiction, *Id.* at ¶ 1 and ¶ 15.

Thus Petitioner would be asking the Supreme Court to decide a question of state law, to wit, whether the Common Pleas Court had jurisdiction. The Tenth District did not decide Petitioner's retroactivity claim on the merits, but on an "adequate and independent" state ground. It would be virtually impossible to get a United States Supreme Court decision on the merits by seeking certiorari now. On the other hand, if this Court reaches the merits and decides them against Petitioner, he has a much better chance of getting Supreme Court review after review by the Sixth Circuit Court of Appeals.

Because certiorari review by the United States Supreme Court at this point in the case is extremely unlikely, Petitioner's Motion to Reinstate the Stay is DENIED.

Chief Magistrate Judge Deavers' initial Order in the case set a date of twenty-one days after filing of the Answer for Petitioner to file his Reply (ECF No. 2).  Because the Answer was served on Petitioner by mail, he is entitled to an additional three days. Petitioner's reply is therefore due to be filed not later than February 8, 2021.

January 14, 2021.

s/ <i>Michael R. Merz</i><br>United States Magistrate Judge

### NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**