# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

|                              |     |                                  |
|------------------------------|-----|----------------------------------|
| Petitioner,                  | :   | Case No. 2:20-cv-1873            |
| - vs -                       |     | Chief Judge Algenon L. Marbley   |
|                              |     | Magistrate Judge Michael R. Merz |
| WARDEN,                      |     |                                  |
| Belmont Correctional Institution, |     |                             |
|                              | :   |                                  |
| Respondent.                  |     |                                  |

---

# DECISION AND ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY

---

This habeas corpus case is before the Court upon Petitioner's motion for Discovery and Production of Documents Pursuant to Rule 6 Governing [Cases Under] § 2254 (ECF No. 51). The motion itself is fifteen pages long and in typescript. It is accompanied by a handwritten exhibit seventy-five pages long which purports to be an Affidavit of the Petitioner regarding evidence from Alexis Quinn (ECF No. 51-1). The two documents are dealt with separately herein.

**Discovery**

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether

1

discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the

petitioner, who had not.  The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus.  This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Second, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981.  The lawyer announced that he was ready for trial just a few weeks later.  He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation.  Tr. of Oral Arg. 43.  At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case.  Tr. of Oral Arg. 17-18, 43-44. [FN11]  This is, of course, only a theory at this point;  it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan.  It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case.  That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction

> would deflect any suspicion the rigged Rosario and Chow cases
> might attract.

*Id*. at 909.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform the district court's exercise of its discretion in granting discovery under Habeas Rule 6. The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. Both the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and the Supreme Court's application of it in *Cullen v. Pinholster*, 563 U.S. 170 (2011), severely limit the introduction of new evidence in habeas corpus cases, at least until the habeas court has determined that deference to the state court decisions is not warranted under either 28 U.S.C. § 2254(d) or (e).

Measured against this standard, Petitioner's motion for discovery is exceedingly broad. Petitioner states he is seeking discovery relating to claims of prosecutorial misconduct by David Zeyen and Erica Rose (Motion, ECF No. 51, PageID 5841); ineffective assistance of trial counsel as to Attorney Frederick D. Benton, Jr., and ineffective assistance of appellate counsel at to Attorney George Schumann (*Id.* at PageID 5843). The discovery Petitioner seeks is described as

> production of documents and disclosure from the State of Ohio of
> all typed, written or electronic versions of any and all email letters,
> memos and any form of communications from the State of Ohio
> prosecuting attorney's office to police and any of the defense counsel
> in this case concerning
>
> a) Jail house phone recordings
>
> b) Ex parte Communication between the State Prosecutors, Judges,
> Defense counsel and police
>
> c) Exculpatory evidence and evidence of self-defense

d) Witness testimony/affidavit's and out of court statements

e) Evidence presented to the grand jury

f) All case and trial notes and entire work case file

g) All police files written and electronic versions of any and all emails, letters, memos and any form of communication with prosecuting attorney's and defense counsel. Including but not limited to all detective and investigator notes including Theresa Bythewood (decedents wife)

h) Other evidence and documentation and logs of the 20gauge shotguns disassembly by police.

i) Seeks the appointment of an Investigator to Take statement of all detectives and witnesses willing to come forward in regards to the tampering with evidence of the 20gauge shotgun and prosecutorial misconduct.

j) Voir Dire transcripts that were excluded from the record which petitioner according to his notes has comments of the prosecution which amount to misconduct and prove the petitioner raised a valid claim of Self-defense and had the right to use such force.

(Motion, ECF No. 51, PageID 5844-45).

In addition, Petitioner seeks to compel Belmont Correctional "to provide all Jpay emails from server of Alexis Quinn from 2018-2020, and all phone recordings from 2018-2020 which will support a claim of actual innocence." *Id.* at PageID 5845.  Petitioner avers that he has these messages on his JP5 player

but does not have access to them on the jpay kiosk to print them off as evidence. He will provide the messages in part to what is important to his case in the affidavit attached but would like to present all of the messages in full for the court to see to prove the truthfulness of the statements and to verify these statements were actually made by Alexis Quinn who was the states witness at trial who reached out to the petitioner.

*Id.* at PageID 5846.

5

**Ground One**: The Petitioner was denied a fair trial, and due process under U.S. Constitution Amendment V, VI and XIV, and Ohio const. Article I, §1, §10, and 16 due to Prosecutorial Misconduct.

**Ground Two**: The Trial court committed prejudicial error and denied the petitioner his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, and Ohio const. Art I, §1 §10 and 16 when it failed to give curative instructions.

**Ground Three**: The Trial court committed prejudicial error and denied the petitioner his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, XIV, and Ohio const. Art I, §1 §10 and 16 when it failed to provide jurors with requested jury instructions that deprived the petitioner a complete defense.

**Ground Four**: Trial counsel rendered ineffective assistance in violation of the petitioner's rights under U.S. Constitution. Amendment V, VI, and XVI, and Ohio const. Art I, §10 and 16.

**Ground Five:** The Trial court committed prejudicial error and denied the petitioner his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XVI, and Ohio const. Art I, §1 §10 and 16 due to the cumulative effect of evidentiary errors at trial.

**Ground Six**: Appellate counsel rendered ineffective assistance in violation of the petitioner's rights under U.S. Constitution Amendment V, VI, and XVI, and Ohio Const. Art I, §10 and 16 when counsel failed to raise ineffective assistance of counsel claim for trial counsel failing to file a motion to dismiss for altering and destroying exculpatory evidence significant to the petitioner's defense denying the petitioner a chance to raise a complete defense.

**Ground Seven:** The Petitioner's Conviction is Void in violation the U.S. Constitution. Amendment V, VI, XIV and Ohio Constitution Art. I, section 10, and 16. Due to a Substantive change in the Burden of proof statute. The petitioner's conviction is under a Statutorily unconstitutional law and the new interpretation of the Burden of proof must be applied retroactively.

(Petition, ECF No. 1, PageID 52-80).

Although Petitioner's Motion does not associate his discovery requests with particular

Grounds for Relief, the relevant grounds appear to be Ground One (prosecutorial misconduct),

Ground Four (ineffective assistance of trial counsel), and Ground Six (ineffective assistance of appellate counsel).

Respecting Ground One, all of the alleged instances of prosecutorial misconduct occurred on the record; indeed, Petitioner offers multiple record citations of that conduct (Petition, ECF No. 1, PageID 52-54). Thus there is no alleged instance of prosecutorial misconduct which requires discovery for its proof.

Respecting Ground Four, Petitioner's pleaded "supporting facts" relate to instances when his defense attorney failed at trial to object to asserted instances of prosecutorial misconduct (Petition, ECF No. 1, PageID 66-67). Thus there is no alleged instance of ineffective assistance of trial counsel which requires discovery for its proof.

The same result obtains as to Ground Six where Petitioner alleges his appellate attorney provided ineffective assistance by failing to claim the trial attorney provided ineffective assistance by not filing a motion to dismiss for altering and destroying exculpatory evidence significant to the Petitioner's defense denying the Petitioner a chance to raise a complete defense (Petition, ECF No. 1, PageID 70). This claim of ineffective assistance of appellate counsel could only prevail if the appellate record showed (a) that such a motion was not filed and (b) that it would have been meritorious. Whether it was filed or not would certainly have been in the record. But if proof of the second part of the claim was dependent on evidence outside the appellate record (e.g., that there was destruction of exculpatory evidence), that evidence would have had to be presented in a petition for post-conviction relief, not on direct appeal. Hence it cannot have been ineffective assistance of appellate counsel to fail to make this argument and no discovery is needed on this point.

Petitioner's Motion for Discovery is denied for failure to show that the discovery requested is relevant to any Grounds for Relief pleaded in the Petition.

**Affidavit**

Petitioner's Affidavit avers that Alexis Quinn, who was present during the offense for which Petitioner was convicted, has reached out to him with information about the prosecutor's conduct in preparing her for testifying.

Petitioner cites repeated instances from Alexis Quinn's trial testimony (Affidavit, ECF No. 51-1, PageID 5857-62). Starting as PageID 5865, Petitioner relates things Alexis Quinn has said to him in emails, along with arguments about how the evidence should be viewed. After thirty pages of similar import (PageID 5856-85), the Affidavit contains a notary jurat (*Id.*), but then starts all over again with what purports to be an affidavit, but actually contains many statements of opinion and argument. *Id.* at PageID 5886-5910, ending with another notary jurat on an earlier date. Next Petitioner includes what he labels as a Supplemental Argument to Compel Production of the Voir Dire Transcripts. *Id.* at PageID 5911-15. Petitioner concludes with copies of various documents from discovery in the underlying criminal case.

The Court declines to order Respondent to produce printed copies of the email messages from Alexis Quinn to Petitioner. Even if that production would prove the authenticity of the messages, emails are not sworn testimony. If Alexis Quinn is able to swear to facts (not her opinions of whether Petitioner is guilty or not), then those facts must be presented to the Court in sworn affidavit form.

Petitioner swears that he is factually innocent. Factual innocence by itself is not a basis for granting habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *185-86 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.)

If Petitioner can produce compelling evidence of actual innocence, that proof could excuse procedural defaults in this case. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit described the actual innocence standard:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Petitioner has not yet offered any new evidence of his actual innocence of the quality required by *Souter*. As the Magistrate Judge understands it,

he may, if Ms. Quinn reduces her testimony to a sworn affidavit, have new evidence from an eyewitness which recants or contradicts or elaborates on the testimony she gave at trial. The Court will not judge that evidence without seeing it. However, Petitioner is cautioned that "[r]ecanting affidavits and witnesses are viewed with extreme suspicion." *United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001); *United States v. Chambers*, 944 F.2d 1252, 1264 (6th Cir. 1991); *see also United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Even if accepted, recantation of trial testimony is generally not sufficient to grant habeas relief absent constitutional error. *Welsh v. Lafler*, 444 Fed. Appx. 844, 850 (6th Cir. 2011). In *Davis v. Bradshaw*, 900 F.3d 315 (6th Cir. 2018)(Bush, J.), the Court gives an extended discussion of recantation and lack of reliability in eyewitness recantation. Recantations are understandably viewed with a skeptical eye. *Matthews v. Ishee,* 486 F.3d 883, 895 (6th Cir. 2007) (citing *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)).

Regarding transcripts of the voir dire examination, Respondent has filed the trial transcript without including voir dire. See ECF No. 39-2, PageID 1669. It is accordingly ordered that respondent supplement the Return of Writ by advising the Court whether the *voir dire* was transcribed for appeal and if so why it has not been included in the State Court Record. If *voir dire* was recorded but not transcribed for appeal, Respondent shall advise the Court why it was not transcribed and whether Respondent has any objection to having transcribed now and added to the record.

January 29, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge