IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

  - vs -                           Chief Judge Algenon L. Marbley
                                    Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                  :

        Respondent.

## DECISION AND ORDER ON PETITIONER'S MOTIONS FOR RECONSIDERATION AND CLARIFICATION

This habeas corpus case is before the Court upon Petitioner's Motion for Reconsideration of the denial of discovery (ECF No. 59) and his Motion for Clarification, related to the same topic (ECF No. 61).  The Magistrate Judge has also read Petitioner's letter (ECF No. 60).

**Discovery in General**

Discovery in general is a litigation tool which enables a party to obtain information about a case which is in the hands of opposing parties.  It was first made generally available in federal litigation with adoption of the Federal Rules of Civil Procedure in 1938.  Since then it has been made available in different kinds of litigation, both in the federal courts and in state courts that follow the federal model, such as Ohio.  The scope of allowable discovery varies depending on the kind of litigation.  Just because a set of rules uses the word "discovery" does not mean discovery

1

under that set of rules is a broad as under another set.

Ohio R. Crim. P. 16(B) currently provides:

> **(B) Discovery: Right to Copy or Photograph.** Upon receipt of a written demand for discovery by the defendant, and except as provided in division (C), (D), (E), (F), or (J) of this rule, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:
>
> **(1)** Any written or recorded statement by the defendant or a co-defendant, including police summaries of such statements, and including grand jury testimony by either the defendant or co-defendant;
>
> **(2)** Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal;
>
> **(3)** Subject to divisions (D)(4) and (E) of this rule, all laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places;
>
> **(4)** Subject to division (D)(4) and (E) of this rule, results of physical or mental examinations, experiments or scientific tests;
>
> **(5)** Any evidence favorable to the defendant and material to guilt or punishment;
>
> **(6)** All reports from peace officers, the Ohio State Highway Patrol, and federal law enforcement agents, provided however, that a document prepared by a person other than the witness testifying will not be considered to be the witness's prior statement for purposes of the cross examination of that particular witness under the Rules of Evidence unless explicitly adopted by the witness;
>
> **(7)** Any written or recorded statement by a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal.

This Rule applies pre-trial in Ohio trial courts hearing criminal cases. It is subject to a limitation in Rule 16(C) that the prosecutor may designate material only to be seen by defense counsel. Ohio R. Crim. P. 16(J) provides

> **(J) Information Not Subject to Disclosure.** The following items are not subject to disclosure under this rule:
>
> **(1)** Materials subject to the work product protection. Work product includes, but is not limited to, reports, memoranda, or other internal documents made by the prosecuting attorney or defense counsel, or their agents in connection with the investigation or prosecution or defense of the case;
>
> **(2)** Transcripts of grand jury testimony, other than transcripts of the testimony of a defendant or co-defendant. Such transcripts are governed by Crim. R. 6;
>
> **(3)** Materials that by law are subject to privilege, or confidentiality, or are otherwise prohibited from disclosure.

**Discovery Sought in This Case**

One can compare the list of discoverable materials in Ohio R.Crim.P. 16 with the following list of materials Petitioner sought to obtain here:

> production of documents and disclosure from the State of Ohio of all typed, written or electronic versions of any and all email letters, memos and any form of communications from the State of Ohio prosecuting attorney's office to police and any of the defense counsel in this case concerning
> a)  Jail house phone recordings
>
> b) Ex parte Communication between the State Prosecutors, Judges, Defense counsel and police
>
> c) Exculpatory evidence and evidence of self-defense
>
> d) Witness testimony/affidavit's and out of court statements
>
> e) Evidence presented to the grand jury

3

> f) All case and trial notes and entire work case file
>
> g) All police files written and electronic versions of any and all emails, letters, memos and any form of communication with prosecuting attorney's and defense counsel. Including but not limited to all detective and investigator notes including Theresa Bythewood (decedents wife)
>
> h) Other evidence and documentation and logs of the 20gauge shotguns disassembly by police.
>
> i) Seeks the appointment of an Investigator to Take statement of all detectives and witnesses willing to come forward in regards to the tampering with evidence of the 20gauge shotgun and prosecutorial misconduct.
>
> j) Voir Dire transcripts that were excluded from the record which petitioner according to his notes has comments of the prosecution which amount to misconduct and prove the petitioner raised a valid claim of Self-defense and had the right to use such force.

(Motion, ECF No. 51, PageID 5844-45).

One can see at a glance that that the materials sought by Petitioner are much broader even than those which would have been available prior to trial under Ohio R. Crim. P. 16. For example, prosecutors' files would probably contain materials protected as attorney work product. The Supreme Court has held "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983)(quoting *Douglas Oil Co. v. Petrol Stops Northeast*, 441 U.S. 211, 218-219 (1979). Cited favorably in *Rehberg v. Paulk*, 566 U.S. 356 (2012).

If the purpose of a habeas corpus proceeding were to re-try a state criminal case and the rules governing discovery in habeas proceedings were as broad as those in the Federal Rules of Civil Procedure prior to 2015, Petitioner's demand could possibly pass muster; each of the subjects on which he seeks discovery is related to the subject matter of his case. But even Fed.R.Civ.P. 26

4

has been narrowed to limit civil discovery to information relevant to a made in the case, rather than to the subject matter of the case.

Habeas corpus under 28 U.S.C. § 2254 serves a much narrower function than retrying state criminal cases. Instead, habeas is reserved for deciding if state criminal convictions violate the United States Constitution. Since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), we are further limited to deciding whether state court decisions on the constitutional issues are contrary to or unreasonable applications of Supreme Court precedent as to questions of law or based on unreasonable determinations of fact. 28 U.S.C. § 2254(d). We defer to state court findings of fact unless they are shown to be clearly erroneous, based on evidence presented in state court, not evidence gathered in the habeas corpus proceeding. Since *Cullen v. Pinholster*, 563 U.S. 170 (2011), we cannot consider new evidence gathered and presented in habeas unless we first find the state court decision is clearly erroneous on the basis of the evidence that was before the state courts.

Rule 6 of the Rules Governing § 2254 Cases is the rule regulating discovery in habeas corpus. It must be read, as the Court stated in its Decision and Order Denying Petitioner's Motion for Discovery (ECF No. 54), in light of the rest of habeas corpus jurisprudence. *Id.* at PageID 5937-40.

The Magistrate Judge denied discovery upon concluding Petitioner's claims could all be adjudicated on the basis of the State Court Record. *Id.* at PageID 5943[1]. That is Ground One asserts prosecutorial misconduct instances which were recorded and Ground Two asserts instances of ineffective assistance of trial counsel for failing to object to those instances of prosecutorial misconduct, again provable by pointing to omissions in the trial transcript. Ground Six claims

---

[1] A possible exception is any misconduct which occurred during voir dire. Respondent is directed to respond to the Court's prior inquiry about voir dire transcripts not later than February 15, 2021.

ineffective assistance of appellate counsel which is either provable from the appellate record or not at all. *Id.*

**Particular Questions Raised in the Motions to Reconsider and Clarify**

With this background, the Magistrate Judge will attempt to answer Petitioner's questions posed in the pending motions.

Petitioner claims that Alexis Quinn has provided a statement of the relevant facts in the form of a declaration under 28 U.S.C. § 1746. Previously Petitioner had sought to have the Court order printing of all her emails over a three-year period. If Petitioner will identify the particular email which has the attached declaration, the Court is prepared to order that it be printed.

To the extent Petitioner seeks to compel his trial attorney to produce information produced pre-trial that was designated as attorney-only, the request is denied.

Petitioner continues to seek the contents of trial attorney files and appellate counsel files to prove that these attorneys did not follow his instructions in representing him in these proceedings, referring to Restatement (Second) of Agency. Claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel are not decided on the basis of whether the attorney followed instructions. Instead, the governing standard for ineffective assistance is as stated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), requiring a showing of both professionally deficient performance and prejudice. It would not prove deficient performance to show a criminal attorney failed to follow instructions. Moreover, Petitioner has not responded to the Magistrate Judge's observation that his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims all relate to matters that appear of record.

In his Motion to Clarify, Petitioner asks if materials obtained in discovery can be used to overcome the presumption of correctness in state court findings (ECF No. 58, PageID 5957). The answer is they may not be so used until and unless a petitioner overcomes the hurdle presented by *Pinholster, supra.*

Petitioner next asks if materials obtained in discovery can be used to prove cause and prejudice to excuse a procedural default or to support a claim of actual innocence *Id.* The answer is yes as a general matter. Petitioner has not yet shown that these exists or probably exists any such material. To show actual innocence as an excuse for procedural default, a habeas petitioner must present "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), citing *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Petitioner has not identified the existence of any such evidence with the possible exception of the Declaration of Alexis Quinn, which the Court has not yet seen.

Petitioner asks for clarification of the term "appellate record" (ECF No. 58, PageID 5959). That term refers to all materials available to the court of appeals when it considered Petitioner's direct appeal.

Having reconsidered and hopefully clarified the prior Decision and Order Denying Discovery, the Magistrate Judge declines to modify it except with respect to the email having the Alexis Quinn Declaration attached which will be ordered printed when the email is identified to the Court.

February 8, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**