# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

  - vs -        Chief Judge Algenon L. Marbley
            Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO CERTIFY QUESTIONS TO THE SUPREME COURT OF OHIO

      This habeas corpus case, brought *pro se* by Petitioner Joseph Shine-Johnson under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Certify Question[s] of Law to the Supreme Court of Ohio (ECF No. 62).

      This is Petitioner's second such motion in this case. Previously he sought to have the Court certify a question which the Magistrate Judge found raised an issue of federal constitutional law instead of a question of state law (Motion, ECF Nos. 11, 26). In the prior Decision, the Magistrate Judge recited the relevant history of the Ohio Supreme Court rule allowing certification of questions and that history need not be repeated here.

      The questions posited in the instant Motion are all questions of state law:

> **Question 1:** In order to claim self-defense, does a defendant need to retreat or avoid a danger that is merely speculative or must there be an imminent danger of death or great bodily harm before the defendant has any duty to retreat or avoid the danger? (Motion, ECF No. 62, PageID 5993).

1

>**Question 2**:  Does the person lose the right to use deadly force if he retreat from a cohabitant in his home and in the midst of that retreat is forcibly removed or ejected from the home into his yard, while face with a continuing imminent threat, thus requiring to retreat further because he is not in the confines of his home? *Id.* at PageID 5997.
>
>**Question 3**:  Does the claim of self-defense admit murder? *Id.*

Unlike the questions sought to be certified in Shine-Johnson's prior motion, these are all questions of Ohio law.  However, they were or could have been presented to the Supreme Court of Ohio in the ordinary course of direct appeal in this case.

After his conviction in this case in the Franklin County Court of Common Pleas, Shine-Johnson appealed to the Tenth District Court of Appeals which affirmed.  *State v. Shine-Johnson*, 2018-Ohio-3347 (10th Dist. Aug. 21, 2018).  As Petitioner has advised this Court repeatedly, the decision was by a divided panel.  Petitioner presented eight assignments of error on appeal.  Judge Tyack dissented on the basis that the prosecutor had misstated the law regarding duty to retreat. *Id.* at ¶¶ 124-27.

On appeal to the Supreme Court of Ohio, Shine-Johnson through counsel raised one proposition of law:

>**Proposition of Law:** In order to claim self-defense, a defendant need not retreat from or avoid a danger that is merely speculative; instead, there must be an imminent danger of death or great bodily harm before a defendant has any duty to retreat or avoid the danger.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 39, Ex. 71, PageID 835). The Memorandum presented a cogent reason why the Supreme Court of Ohio should take the case in light of continuing controversy over the defense of self-defense.  *Id.* at PageID 836-37. Nevertheless, the high court declined to take jurisdiction with its usual formal Entry. *Id.* at Ex. 73, reported at 155 Ohio St. 3d 1439 (2019).  No justice dissented.

Thus the Supreme Court of Ohio was given an opportunity to address the questions of self-defense presented by this case and, at least to some extent presented by Judge Tyack's dissent and they unanimously chose not to do so.

The certification of questions of law process was not designed or intended to allow a habeas petitioner who has lost in an attempt to get the Ohio Supreme Court to hear his case another bite at the apple. As pointed out in the Decision on the prior Motion to Certify, the Supreme Court of Ohio's acceptance of a certified question is completely discretionary with that court. While Petitioner's Motion does present questions of Ohio law which that court could answer, it would be a vain act to ask them to do so when they have already unanimously declined to do so.

Petitioner's Motion to Certify (ECF No. 62) is DENIED.

February 16, 2021.

s/ *Michael R. Merz*  
United States Magistrate Judge