# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

    :

        Respondent.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's motion for reconsideration (ECF No. 65) of the Magistrate Judge's Decision and Order Denying Motion to Certify Questions to the Supreme Court of Ohio (ECF No. 63). Because that decision was interlocutory, the Magistrate Judge has authority to reconsider it on motion.

In denying certification, the Magistrate Judge wrote:

> On appeal to the Supreme Court of Ohio, Shine-Johnson through counsel raised one proposition of law:
>
> **Proposition of Law:** In order to claim self-defense, a defendant need not retreat from or avoid a danger that is merely speculative; instead, there must be an imminent danger of death or great bodily harm before a defendant has any duty to retreat or avoid the danger.
>
> (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 39, Ex. 71, PageID 835).

> The Memorandum presented a cogent reason why the Supreme Court of Ohio should take the case in light of continuing controversy over the defense of self-defense. *Id*. at PageID 836-37.
>
> Nevertheless, the high court declined to take jurisdiction with its usual formal Entry. *Id*. at Ex. 73, reported at 155 Ohio St. 3d 1439 (2019). *No justice dissented.*

(Decision, ECF No. 63, PageID 6002).  As Shine-Johnson now points out, the highlighted language is incorrect:  Justices French, Donnelly, and Stewart dissented from denial of appellate jurisdiction as is shown in the published report at 155 Ohio St. 3d 1439.  However, their dissents are only recorded in the published report of the denial of jurisdiction.  The denial that is included in the State Court Record at Ex. 73 is the Supreme Court's usual form entry for denying appellate jurisdiction and it does not report any dissents (Entry, State Court Record 45-1, PageID 3701). None of the dissenting Justices wrote any opinion on the reasons for their dissents.

Although the record is corrected to reflect the fact of those dissents, that fact does not persuade the Magistrate Judge that the three questions posed by Petitioner should be now certified to the Supreme Court of Ohio.

First of all, while the first question now sought to be certified is parallel to the question posed by the Proposition of Law in the Memorandum in Support of Jurisdiction, the other two questions are not.  The dissents of Justices French, Donnelly, and Stewart do not imply they would vote to accept certification of Questions Two and Three.

More fundamentally, the certification process is not designed to be used in cases such as this where the Ohio Supreme Court has already had an opportunity in the ordinary course of litigation to consider the principal question sought to be certified and has rejected it.  Whether the court would accept certification now is highly speculative.  Whether it would give answers that would settle the questions in Petitioner's favor is even more speculative.  What is not speculative

is that certification, even if accepted, would delay resolution of this case for many months. Other possible ramifications must also be considered. As one leading scholar has written:

> Ohio and other jurisdictions have presumed that only benefits can flow from the process; yet, in practice, certification in Ohio has resulted in advisory opinions, permitted a range of forum shopping, encouraged efforts to avoid the appellate process, and produced opinions so devoid of analysis that for years afterward, courts work to fill in the potholes of missing doctrine.

Cochran, Rebecca A. (2013) "Federal Court Certification of Questions of State Law to State Courts: A Theoretical and Empirical Study," *Journal of Legislation*: Vol. 29: Iss. 2, Article 1, at 161.

On balance the Magistrate Judge remains unpersuaded that certification of the proffered questions would achieve any useful result.

February 24, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge