# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,      :      Case No. 2:20-cv-1873

  - vs -                          Chief Judge Algenon L. Marbley
                                Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                              :

        Respondent.

## DECISION AND ORDER DENYING, UPON RECONSIDERATION, PETITIONER'S MOTION FOR VOIR DIRE TRANSCRIPTS

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 70) directed at the Court's Decision and Order Regarding Voir Dire Transcripts (ECF No. 64).

Respondent opposes the Motion and purports to quote the Magistrate Judge as stating he has no authority to reconsider interlocutory orders (ECF No. 75, PageID 6051, purporting to quote ECF No. 68, PageID 6069).  No such page exists yet in the record of this case, although the Magistrate Judge has no doubt the record will soon pass that point.  What the Magistrate Judge actually said was "Because that decision [denying certification of a question to the Supreme Court of Ohio] was interlocutory, the Magistrate Judge has authority to reconsider it on motion."  (ECF No. 68, PageID 6029).  The same authority applies to reconsideration of Petitioner's request for transcription of the voir dire.

The Magistrate Judge likewise rejects the Respondent's argument that authority to

1

reconsider an interlocutory decision is governed by *Luna v. Bell,* 887 F.3d 290 (6th Cir. 2018). That case involved a motion for relief from a final judgment, i.e. a non-interlocutory order.

Having authority to reconsider that question, however, the Magistrate Judge declines to change the Court's ruling.  As previously noted, the claim of prosecutorial misconduct in voir dire is beyond the scope of the claim of prosecutorial misconduct made in the Petition and Shine-Johnson has never moved to amend.  He has also made no response to the ruling that any such claim is procedurally defaulted because it could have been raised on direct appeal and was not.

In support of his Motion, Petitioner claims "[i]n this case, Shine-Johnson presented to the state courts the ultimate constitutional question as to whether the State Prosecutor Misstated the Law on Self-defense."  (ECF No. 70, PageID 6035).  But in both the state courts and here, Shine-Johnson limited the scope of that claim to "from opening statement to closing argument."  The question of what the prosecutor did during voir dire and indeed whether Shine-Johnson's lawyer objected was never before the state courts.  If it had been, Shine-Johnson's appellate counsel could have included the voir dire transcript in the record on  appeal and would have been entitled to do so without paying the court reporter's fee under *Griffin v. Illinois*, 351 U.S. 12 (1956).

Shine-Johnson argues the Magistrate Judge's narrow construction of his prosecutorial misconduct claim violates the broad reading of habeas petitions required by *Schneider v. Delo*, 85 F.3d 335 (8th Cir. 1996).  As the citation shows, *Schneider* is an Eighth Circuit precedent not binding on this Court.  More recent Sixth Circuit precedent is more restrictive.  The Sixth Circuit has held that if a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a

claim will not save it).   The Supreme Court has more recently held that a state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).   Here the state appeals court would have had to read something that does not exist, the transcribed voir dire.

It is not as if the problem and cost of transcription could be avoided by just listening to the recorded voir dire.  The Magistrate Judge has been advised that the Franklin County official court reporters do not record proceedings in a format which can be replayed on readily available devices (e.g. MP3 players).

**Conclusion**

Having reconsidered the question of ordering the voir dire transcribed, the Magistrate Judge adheres to his prior decision and declines to have those transcripts produced.

March 8, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge