# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

  - vs -                          Chief Judge Algenon L. Marbley
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,
                                        :

        Respondent.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Joseph-Shine Johnson, is before the Court on Petitioner's Motion for Reconsideration of the Magistrate Judge's decision to deny Petitioner's Motion to Amend his Objections on the merits (ECF No. 94). Because the decision was interlocutory, the Court has plenary authority to reconsider it before final judgment.

Chronologically, the Magistrate Judge's Report and Recommendations on the merits was filed and served March 29, 2021 (ECF No. 85). This made Petitioner's Objections due not later than April 15, 2021, as he was advised. *Id.* at PageID 6373. On April 6, 2021, the Magistrate Judge, on Petitioner's motion, extended his time to file objections to May 3, 2021 (ECF No. 87). According to his Certificate of Service, Petitioner mailed his Objections on April 28, 2021 (ECF No. 89, PageID 6525). The Objections were not received and docketed by the Clerk until May 11, 2021.[1]

---

[1] By mailing his Objections himself and not depositing them in the prison mail system, Shine-Johnson gave up his

1

On May 24, 2021, Petitioner certified that he mailed that day a 68-page document labeled "Amendment of Objections" (Certificate of Service, ECF No. 92, PageID 6614). Again he chose to use the United States mails rather than the prison mail system and the Amendment was not received by the Clerk and docketed until June 7, 2021. The purported reason for the Amendment was to correct clerical errors in citations in the Objections as initially filed. *Id.* at PageID 6547.

The Magistrate Judge denied the motion to amend because it was filed almost a month after objections were due (Notation Order, ECF No. 93). Petitioner now moves for reconsideration of that decision.

Petitioner now says he is entitled to the benefit of the prison mailbox rule because, contrary to the Certificate of Service, he handed his Amendment to Objections to the prison mail person on May 24, 2021 (Motion, ECF No. 94, PageID 6617). With that change in the method of mailing, the Amendment to Objections were three weeks late instead of a month.

Petitioner next relies on Fed.R.Civ.P. 15, but that Rule relates to "Amended and Supplemental **Pleadings**." The Court is aware that *pro se* litigants are likely to refer to any filing in a case as a "pleading," but that is not correct. For the usual civil case, pleadings are defined by Fed.R.Civ.P. 7 as the complaint, answers, and a reply to a counterclaim. For habeas corpus cases, the pleadings are the petition, the answer, and the reply (sometimes referred to as a "traverse"). Similarly, Petitioner's reliance on Fed.R.Civ.P. 15(a)(1) is misplaced because it allows for amendment "as a matter of course" within twenty-one days of a service of a pleading, but objections to a report and recommendations are not a "pleading."

Petitioner avers that his corrections are of clerical errors, essentially caused by a computer software malfunction (ECF No. 92, PageID 6547). Even the briefest of comparisons brings this

---

privilege of having his failings deemed to have been made when deposited in that system under the prison mail-box rule. His Objections were thus filed when received by the Clerk, eight days late.

assertion into question. The very first page of the originally filed Objections is labeled "Traverse," (PageID 6460) whereas the first page of the Amended Objections is labeled "Notice of Appeal" (PageID 6549). That is far more than a clerical error; it cannot have been caused by some software glitch.

Although Petitioner is not entitled to amend his Objections under the authority he cites, the Magistrate Judge on reconsideration will allow the Amended Objections to remain on file, assuming Petitioner's good faith in asserting no substantive changes have been made. On the other hand, if Respondent's counsel detects any substantive changes, they should be promptlhy called to the Court's attention.

June 25, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge