# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,     :     Case No. 2:20-cv-1873

- vs -     Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                            :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Joseph-Shine Johnson, is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 98). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge for a report and recommendations under Fed.R.Civ.P. 72(b)(3). Judgment was entered in this case on July 6, 2021 (ECF No. 97) which makes Petitioner's Motion, filed by mailing from prison on July 21, 2021, timely filed.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas*

> *Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), *accord, Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Petitioner begins his Motion by accusing the Court of bad faith, unethical conduct, and violating its oath to uphold the Constitution (Motion, ECF No. 98, PageID 6641-43). As an example, he claims that the Court's Opinion and Order is "boilerplate." That claim is belied by simple examination of that document which consists sixteen pages of point-by-point consideration

2

of Petitioner's sixty-six page set of Objections to the Magistrate Judge's forty-nine page Report. Garner's Modern Legal usage defines "boilerplate" as "ready-made or all-purpose language that will fit in a variety of documents."

Sometimes courts, because of the volume of cases they must decide, must use boilerplate. An example of boilerplate in this case is the decision of the Supreme Court of Ohio declining jurisdiction over Shine-Johnson's appeal; the Entry reads in its entirety "Upon consideration of the jurisdictional memoranda filed in this case, the court declines to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4)." (ECF No. 45, Ex. 73). This language is identical to that ordinarily used by that court in declining jurisdiction. It is nothing like the detailed opinions the Court has produced in this case.

The gravamen of Petitioner's claim in the Motion seems to be that the Court ignored "specific legal issues" in favor of deciding the case on the basis of "technical aspects." (Motion, ECF No. 98, PageID 6641-42). The Court's Oath to defend the Constitution requires it to apply all the law that pertains to a case, both substantive and procedural, whether or not some aspects of the applicable law seem "technical".

Petitioner objects to the Court's conclusion that his attorney's omission of issues he wanted to have presented to the Supreme Court of Ohio cannot be ineffective assistance of appellate counsel because there is no constitutional right to appointed counsel on appeal to that court (ECF No. 98, PageID 6643-44). Petitioner opines

> It is an insult to the spirit of the judiciary to even suggest that such a practice can exist in These [sic] United States. If there is no prior clear precedence [sic] on this issue, Shine-Johnson proffers that now is the time for someone in the judiciary to take the reigns' [sic] and begin that precedent.

*Id.* However valuable such a change in constitutional law might be, this trial court must obey

3

existing precedent from the Supreme Court of the United States which holds there is no Sixth Amendment right to effective assistance of counsel beyond the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). That Court has also expressly held ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel, there can be no deprivation of effective counsel). If this law should be changed, it is the Supreme Court which must do so. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). Shine-Johnson reargues his Restatement of the Law (Agency) point at some length, but the Restatement does not establish constitutional law.

Petitioner claims that his actual innocence can and should excuse any procedural default (Motion, ECF No. 98, PageID 6657-62). The Court analyzed Shine-Johnson's purported new evidence of actual innocence and adopted the Magistrate Judge's rejection of it (Opinion and Order, ECF No.96, PageID 6628). Petitioner's Motion merely reargues this point without showing any manifest error of law in the Court's Opinion and Order.

The Court remains unpersuaded that Shine-Johnson has established his actual innocence. There is no question that he shot his father to death. He claims he did it in self-defense because he reasonably believed it was necessary to keep his father from killing him. He was entitled to make that claim to the jury, but the jury did not accept it.

**Ground One: Prosecutorial Misconduct**

In his First Ground for Relief, Petitioner asserts his trial was rendered unfair by prosecutorial misconduct. The Court rejected this claim as procedurally defaulted and also without merit, deferring to the Tenth District's decision that the prosecutor did not misstate Ohio law. Petitioner had claimed this Court was not bound by an intermediate court of appeals' decision when it was contrary to Supreme Court of Ohio decisions. The Court accepted that claim, but noted Petitioner had cited no Supreme Court of Ohio decision which was to the contrary of what the Tenth District decided (Opinion, ECF No. 96, PageID 6629).

Petitioner now claims he did cite Supreme Court of Ohio law contrary to the Tenth District's decision (Motion, ECF No. 98, PageID 6673, citing *State v. Williford*, 49 Ohio St.3d 247 (1990); *State v. Thomas*, 77 Ohio St.3d 323 (1997); *Marts v. State*, 26 Ohio St. 162 (1875); *Erwin v. State,* 29 Ohio St. 186, 195 (1876); and *Graham v. State,* 98 Ohio St. 77, 79 (1918).

In deciding Petitioner's prosecutorial misconduct claim on direct appeal, the Tenth District expressly held "Furthermore, appellant cites no authority to support his claim it is erroneous or prejudicial error for the prosecutor to impliedly connect the duty to avoid trouble with the not-at-fault element." *State v. Shine-Johnson*, 2018-Ohio-3347. ¶ 78 (Ohio App. 10th Dist. Aug. 21, 2018). *Williford*, *Thomas*, and *Erwin* were cited to the Tenth District; *Graham* and *Marts* were not (Appellant's Brief, State Court Record, ECF No. 45, PageID 33562 et seq.) *Williford* is not about the duty to avoid danger or prosecutorial misconduct, but about the failure of the trial court to instruct on self-defense and the duty to retreat. *Thomas* is also not about either prosecutorial misconduct or the duty to avoid danger. *Erwin*, from the late nineteenth century, is about jury instructions, not the duty to avoid danger, or prosecutorial misconduct. Citing some Ohio Supreme

Court cases having to do with various other aspects of the defense of self-defense does not establish that there is Supreme Court of Ohio precedent proving the Tenth District was wrong in its analysis of Petitioner's First Assignment of Error. Absent such proof, this Court is bound by the Tenth District's decision. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Petitioner has therefore shown no clear or manifest error of law in this Court's reliance on the Tenth District's conclusion that the prosecutor did not misstate Ohio law.

At the end of his argument on Ground One (Motion, ECF No. 98, PageID 6683), Petitioner acknowledges the standard for evaluating a claim of prosecutorial misconduct is set forth in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986): On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" 477 U.S. at 181, quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). This is the standard the Tenth District applied, concluding at the first step of the analysis that the prosecutor did not misstate Ohio law. Petitioner has not shown this Court committed a clear error of law in deferring to that decision.

**Ground Two: Failure to Give Curative Instructions**

In his Second Ground for Relief, Shine-Johnson claims he was denied a fair trial because the trial court failed to give a curative instruction on the prosecutor's claim in closing argument that Shine-Johnson had essentially admitted to murder, defined as Ohio law does as a "purposeful killing."  The Tenth District found this claim procedurally defaulted for want of a contemporaneous objection and without merit, given the context in which the prosecutor used the word "murder," to wit, explaining self-defense and the meaning of "purposeful killing" *Shine-*

6

*Johnson I*, ¶¶ 111-12.

As with Ground One, the District Judge adopted the Magistrate Judge's conclusions that Ground Two was indeed procedurally defaulted and without merit (Opinion and Order, ECF No. 96, PageID 6632-33).

Petitioner's Motion asserts there is no procedural default because he did not violate the contemporaneous objection rule (ECF No. 98, PageID 6684). Essentially he argues the Ohio rule is that an objection is "contemporaneous enough" if the trial judge can still correct the error. *Id.* relying on *State v. Tudor*, 154 Ohio St. 249 (1950). There is no such holding in *Tudor;* it reinforces an attorney's duty to object, but does not say when is soon enough. Petitioner even claims "The rule is stated in unmistakable terms, both in Ohio Criminal Rule 30(A) and in countless decisions. See, *e.g., State v. Landrum*. 53 Ohio St. 3d 107 (1990)." Criminal Rule 30 provides a party may not raise on appeal error in a jury instruction which was not called to the trial judge's attention before the jury retires. But the omitted objection which led to procedural default of Ground One was failure to object to the prosecutor's claim in closing argument that Shine-Johnson had admitted to murder. Ground One is about prosecutorial misconduct, not trial court error. *Landrum* is not to the contrary; the phrase "contemporaneous objection" does not even appear in that decision.

At this stage of the case, the question is not whether the Tenth District misconstrued Ohio law on contemporaneous objections. A habeas court is not authorized to correct perceived errors of state law. Rather our task in adjudicating procedural default defenses is to determine if the State has a relevant procedural rule, whether it was in fact enforced against the petitioner, and whether it is adequate and independent of federal law. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). There is no doubt Ohio has a contemporaneous objection rule and it was enforced against Shine-Johnson. The Sixth Circuit has repeatedly upheld application of that rule, including in capital

7

cases. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). There was no clear error of law in finding Ground Two procedurally defaulted.

**Ground Three: Failure to Give Requested Instructions**

In his Third Ground for Relief, Shine-Johnson claims he was deprived of a fair trial when the trial court refused to give certain requested jury instructions on the defense of self-defense. As noted in the Report, Shine-Johnson spent nearly fifty pages of his Traverse arguing this issue and advocating for a "no duty to retreat" instruction (Report, ECF No. 85, PageID 6352, citing Traverse, ECF No. 81, PageID 6197-6241). The Tenth District denied this claim because the record established without contradiction that Petitioner had already retreated from the home he shared with his father and shot his father from the yard of the house. *Id.* at PageID 6352-54, quoting *State v. Shine-Johnson I* at ¶¶ 27-33. The Opinion and Order notes that Petitioner's Objections to the Report repeated his argument on this issue from the Traverse, but never "cites a Supreme Court of Ohio decision that there is no duty to retreat when the shooting takes place outside the residence" (ECF No. 98, PageID 6633-34).

Petitioner's Rule 59(e) Motion asserts:

> The Trial Court nor the District Court have shown that the petitioner actually violated any state laws. The state used misconduct and adept trickery of the court to force the jury to believe that by law the

8

> petitioner had a duty to retreat again after his first retreat failed because he was not in the confines of his home, but outside while faced with a loaded shotgun.

(ECF No. 98, PageID 6687). He again argues the "no duty to retreat" claim, but fails, as he had before the Tenth District, to cite any holding by the Supreme Court of Ohio that the no duty to retreat exception applies outside the home. He does cite *Beard v. United States*, 158 U.S. 550 (1895). Justice John Marshall Harlan tells us the case involved the killing of one "white man" by another "white man" in Indian country, but does not say how this affects the choice of applicable law. Instead Justice Harlan discusses common law authorities[1] on self-defense and concludes that they erect no duty to retreat on one's own property:

> Indeed, the tendency of the American mind seems to be very strongly against the enforcement of any rule which requires a person to flee when assailed, to avoid chastisement or even to save human life, and that tendency is well illustrated by the recent decisions of our courts, bearing on the general subject of the right of self-defence.

158 U.S. at 561-62. Since the decision in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts have been much less likely to look to the common law in defining federal crimes and defenses. And in any event this is not a federal criminal case like *Beard*, but an Ohio criminal case in which the Ohio courts are authorized to say what Ohio law requires.

Petitioner also claimed in this Ground for Relief that the trial court erred by not giving a limiting instruction regarding character evidence. The Report, adopted by Chief Judge Marbley, found the claim was without merit because it was not contrary to any United States Supreme Court precedent on character evidence (ECF No. 85, PageID 6358). Petitioner's Motion merely reargues this claim without citing any Supreme Court constitutional precedent to the contrary. The Sixth Circuit has held "There is no clearly established Supreme Court precedent which holds that a state

---

[1] East's Pleas of the Crown; Foster's Crown Cases: Bishop's New Criminal Law; 2 Wharton on Crim. Law, § 1019, 7th rev. ed. Phila. 1874.

9

...

violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

**Ground Four: Ineffective Assistance of Trial Counsel**

The Tenth District decided that none of the objections Petitioner alleges his trial counsel should have made would likely have been successful. The Report recommended dismissal of this claim because "It cannot be deficient performance in violation of the first prong of *Strickland [v. Washington]* to fail to make an objection that was without merit. Neither *Strickland* nor any of its progeny hold that a trial attorney performs deficiently when he or she fails to make a meritless objection." (ECF No. 85, PageID 6362). In the instant Motion, Shine-Johnson merely reargues his claims of prosecutorial misconduct (Motion, ECF No. 98, PageID 6701-04). He offers nothing new to show this Court committed a clear error of law in deferring to the Tenth District.

**Ground Five: Cumulative Trial Court Error**

The Report and the Opinion and Order found this claim non-cognizable. Petitioner does not move to amend the Court's decision on Ground Five.

**Ground Six: Ineffective Assistance of Appellate Counsel**

In his Sixth Ground for Relief, Shine-Johnson claims he received ineffective assistance of appellate counsel when his appellate attorney failed to raise as an assignment of error his trial

10

...

counsel's failure to file a motion to dismiss because the State had destroyed exculpatory evidence. The Report found that Petitioner's late filing of his 26(B) Application to raise this claim was excused by the State's conduct in mailing it late and the claim was therefore not procedurally defaulted.  However, the Report rejected this claim on the merits, concluding Petitioner's assertion of destruction of exculpatory evidence would have failed on direct appeal for lack of evidence in the record (ECF No. 85, PageID 6363-67).  The Court accepted this conclusion (Opinion and Order, ECF No. 96, PageID  6636-38).

Petitioner's Motion to Amend asserts "The petitioner has shown a genuine issue if trial counsel was ineffective for allowing the State to alter exculpatory and/or impeaching evidence of the 20-guage [sic] shotgun and introduce fraudulent false evidence of the operability testing report." (ECF No. 98, PageID 6705).  Shine-Johnson continues by asserting a due process violation under *Napue v. Illinois,* 360 U.S. 264 (1959).  He concludes "The Court seems to find it is ok present false and tainted evidence at trial and it does not violate due process."

Petitioner's Motion assumes without proving the truth of the underlying claim that the shotgun, if it had not been disassembled, would have been exculpatory and that disassembling it was intended to destroy its exculpatory value and provide false information to be presented.  None of this was proved; all of it is assumed.

The basis of the Court's decision on Ground Six is that there was no evidence in the record to prove any part of this *Trombetta* claim and therefore no basis for an appellate claim of ineffective assistance of trial counsel for failure to raise the claim.  Appellate counsel have to work with the record bequeathed to them.  They cannot responsibly make claims not supported by the record.  Petitioner has shown no clear error of law in the Court's dismissal of Ground Six on that basis.

**Ground Seven: Mandatory Retroactive Application of a Change in the Burden of Proof on Self-Defense**

In his Seventh Ground for Relief, Petitioner asserts that a change in the statutory burden of proof for self-defense must be applied retroactively to his case.  September 10, 2015, was the date of the offense and the defendant's date of conviction was February 24, 2017 (Entry, State Court Record ECF No. 45-1, PageID 4331).  H.B. 228, which changed the burden of proof for self-defense, became effective March 28, 2019, and was not made expressly retroactive by the General Assembly. *Id.*  As noted in the Report, under Ohio law, "A statute is presumed to be prospective in its operation unless expressly made retrospective." (ECF No. 85, PageID 6368, citing Ohio Rev. Code § 1.48).

In arguing for retroactivity, Shine-Johnson made no reference to legislative intent, but claimed due process required retroactive application, relying on *Schriro v. Summerlin,* 542 U.S. 348 (2004), and *United States v. United States Coin & Currency,*. 401 U.S. 715 (1971).  The Report rejected this claim, noting that the cited cases were about retroactive application of decisions of the Supreme Court itself, not any statute (ECF No. 96, PageID 6369).

The relevant statute, 2018 H.B. 288, is codified at Ohio Revised Code § 2901.05(B)(1) and provides:

> A person is allowed to act in self-defense, defense of another, or defense of that person's residence.  If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

H.B. 288 changes the law of self-defense in Ohio.  Prior to its effective date of March 28, 2019, Ohio law provided:

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.

Ohio Revised Code § 2901.05(A).  This prior statute was before the United States Supreme Court in *Martin v. Ohio*, 480 U.S. 228 (1987), and its constitutionality of allocating both the burden of production and the burden of proof by a preponderance of the evidence to defendant was held to be constitutional.  This was the form of the statute on self-defense in force when Shine-Johnson was tried and convicted in 2015.

H.B. 288 changes the law of self-defense in at least two ways.  First of all a trial court could decide that evidence presented by the prosecutor in the case in chief was sufficient to support a finding that the accused acted in self-defense.  Second, regardless of which side presents that "sufficient evidence," once it is in the record, the burden is on the State to disprove self-defense to the standard of proof beyond a reasonable doubt.

H.B. 288 is not a "clarification" or "interpretation" of the old statute, as Petitioner would have it.  New constructions, interpretations, or clarifications of existing statutes come from courts applying those statutes.  Rather, in H.B. 288 the Ohio General Assembly enacted a distinct change in the law.

In his Motion to Amend, Petitioner asserts the Court made a clear error of law by not requiring Ohio to apply H.B. 288 retroactively.  As noted above, the Court already found *Schriro* and *United States Coin and Currency* inapplicable because they did not deal with statutes.

13

Agreeing that not every state statute must be applied retroactively, Shine-Johnson nonetheless argues:

> On the other hand, where the statute pertains to an affirmative defense and the statute is construed to make the absence of the affirmative defense an element of proof of the crime itself; a DIFFERENT RESULT IS MANDATED. In such a case, the constitutional doctrine announced in *Mullaney v Wilbur*, 421 U.S. 684, 95 S. Ct. 1881. 44 L. Ed. 2d 508 (1975). and in *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), requiring the prosecution to prove every element of a crime beyond a reasonable doubt, has application. *Berrier v. Eseler,* 583 F.2d 515 ("6th Cir."). cert. denied, 439 U.S. 955. 99 S. Ct. 354. 58 L. Ed. 2d 347 (1978). and the Due Process Clause requires that the new interpretation be applied retroactively. *Hankerson v. North Carolina*, 432 U.S. 233. 97 S. Ct. 2339. 53 L. Ed. 2d 306 (1977).

(Motion, ECF No. 98, PageID 6716).

None of the cited case law supports a constitutional requirement that H.B. 288 be applied retroactively to Petitioner's case. *Winship* establishes that, as a matter of due process, a State must prove every element of a criminal offense by proof beyond a reasonable doubt. 397 U.S. at 364. *Mullaney* followed *Winship* and held that the absence of passion on sudden provocation was an element that the State needed to prove beyond a reasonable doubt. Both were followed by *Martin*, *supra*, where the Court held the allocation of burden of production and proof of self-defense in Ohio under Ohio Revised Code § 2901.05 as it stood when Shine-Johnson was tried was constitutional. None of these cases speaks to retroactivity of statues at all. Neither does *Berrier*, which involved interpretation of Michigan's, not Ohio's, self-defense doctrine. *Hankerson* also was about retroactive application of the Supreme Court decision in *Mullaney*.

Shine-Johnson criticizes the Court's reliance on "old law" as upheld in *Martin* and argues "Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the

accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect." (Motion, ECF No. 98, PageID 6717). But H.B. 288 is not "new constitutional **doctrine**," but a newly-enacted **statute**. And even with respect to new constitutional doctrine, the Supreme Court has held that new constitutional procedural rules will never be given retroactive effect. *Edwards v. Vannoy*, 593 U.S. ___, 141 S. Ct. 1547 (2021).

Shine-Johnson argues H.B. 288 is a substantive change in the law and now makes his conduct constitutionally immune from punishment (Motion, ECF No. 98, PageID 6717). Not so. If H.B. 288 had been the law at the time of trial, the State would have been required to disprove self-defense beyond a reasonable doubt. But that means it would have been required to persuade a jury, by proof beyond a reasonable doubt, that Shine-Johnson was not acting in self-defense. The new statute does not immunize the use of deadly force from punishment just because the killer claims to have been acting in self-defense. The jury could still reject that defense if the State proved what happened was not self-defense.

As noted in the Report, the fact that H.B. 288 requires the State to disprove beyond a reasonable doubt if the evidence sufficiently raises the question does not make "absence of self-defense" an element of murder. Every element of a crime must be proved beyond a reasonable doubt. *Winship*. But not everything the legislature requires to be proved beyond a reasonable doubt thereby becomes an element. Were it otherwise, the State would be required to disprove self-defense regardless of whether there was any evidence of it at all. Obviously there are many murders where the evidence raises no question of self-defense.

Petitioner accuses the Court of misconstruing the record about when his conviction became final which he says did not happen until May 8, 2019 (Motion, ECF No. 98, PageID 6724). On that date the Supreme Court of Ohio declined jurisdiction over his direct appeal. Actually his

15

conviction did not become final on direct appeal until ninety days later (August 6, 2019) when his time to seek certiorari from the United States Supreme Court expired.  Therefore H.B. 288 did become effective before Petitioner's conviction became final on direct appeal.  New constitutional decisions by the Supreme Court of the United States apply to cases still on direct review when the Supreme Court case is decided, but not to cases pending on collateral review.  *Teague v. Lane*, 489 U.S. 288 (1989).  But H.B. 288 is not a constitutional decision of the Supreme Court, but an enactment of the Ohio General Assembly.

**Conclusion**

Petitioner has failed to show a clear error of law in the Court's disposition of his habeas corpus petition.  Therefore the Motion to Amend should be denied.

August 10, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.