# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,   :   Case No. 2:20-cv-1873

  - vs -                            Chief Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                          :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 110), filed by depositing it in the prison mail system September 22, 2022. *Id.* at PageID 7559. Petitioner argues his Motion is timely because he seeks relief "from judgment of November 17, 2021, pursuant to USCS Fed Rules Civ. Proc. R 60(b)(l)(6)." *Id*. at PageID 7475. No judgment was entered November 17, 2021. Instead on that date Chief Judge Marbley denied Petitioner's Motion under Fed.R.Civ.P. 59(e) to Alter or Amend the final judgment dismissing the Petition in this case. That judgment was entered July 6, 2021 (ECF No. 97).

The instant Motion catalogues at length (eighty-six pages) the errors this Court allegedly made in adjudicating the case. Petitioner avers "The District court has made critical mistakes, inadvertences [sic] in the law that prevented the district courts from conducting a fair proceeding and arriving at the correct judgment." Any such arguments claiming mistake of law can and should have been made in Petitioner's Motion to Amend the Judgment which was timely made and fully

1

considered (ECF Nos. 98-100, 104). That decision was fully reviewable on appeal, but the Sixth Circuit denied a certificate of appealability (ECF No. 107).

Fed.R.Civ.P. 60(c) places a one-year time limit on motions for relief from judgment on the basis of mistake of law. Petitioner does not limit his claims or arguments to asserted errors in the denial of the Motion to Amend, but instead asserts errors in the underlying judgment. On that basis, his Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(1) should be denied as untimely.

Motions under Fed.R.Civ.P. 60B0(6) have no fixed time limit, but must be brought "within a reasonable time" after judgment. It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

> The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. See *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.)

Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Furthermore, this

provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc)(vacated on other grounds, 545 U.S. 1151 (2005), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988). Because the asserted errors in the instant Motion could have been raised under Fed.R.Civ.P. 60(b)(1) – and indeed Petitioner pleads that section in the alternative, they should not be considered under Fed.R.Civ.P. 60(b)(6).

The Motion for Relief from Judgment should be DENIED. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 1, 2022.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
