# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

  - vs -                     Chief Judge Algenon L. Marbley
                               Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,
                               :

        Respondent.

## SUPPLEMENTAL OPINION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration of Supplemental Amendment to Motion For Relief of Judgment 60(B) and Objection (ECF No. 120).

**Chronology**

Petitioner filed this habeas corpus action under 28 U.S.C. § 2254 on March 4, 2020 (Petition, ECF No. 1, PageID 81). The Court did not receive the Petition until April 13, 2020, presumably because these dates bracket the commencement of the pandemic lockdown. The Court immediately conducted the initial screening required by Rule 4 of the Rules Governing § 2254 Cases and issued an Order for Answer on April 14, 2020.

On May 1, 2020, on Petitioner's Motion for Stay, Magistrate Judge Deavers stayed these proceedings pending the outcome of state court proceedings (ECF No. 10). Despite the stay which

he had requested, Petitioner filed a number of motions (ECF Nos. 11, 18, 23, 24). On December 16, 2020, the Court dissolved the stay and set Respondent's answer date at January 16, 2021. Petitioner moved the Court to reinstate the stay pending legislative action on the Duty to Retreat Act (ECF No. 33) which the Court denied (ECF No. 35). The case finally became ripe for decision on March 10, 2021, when the Court docketed Petitioner's Reply (ECF No. 81).

On March 29, 2021, the Magistrate Judge filed the Report and Recommendations on the merits (ECF No. 85). Petitioner objected, but Chief Judge Marbley adopted the Report and the case was dismissed with prejudice on July 6, 2021 (ECF Nos. 96 & 97). On July 30, 2021, Petitioner filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), an action which suspended the appeal period until that motion was denied on November 17, 2021 (ECF No. 104). Petitioner then timely appealed to the Sixth Circuit (ECF No. 105). That court denied a certificate of appealability originally (ECF No. 108) and on reconsideration (ECF No. 109). Undeterred, Petitioner sought certiorari review by the Supreme Court of the United States which was denied February 21, 2023 (*Shine-Johnson v. Gray*, Case No. 22-6498, copy at ECF No. 119).

In the meantime Petitioner had filed his Motion for Relief from Judgment in this Court on September 30, 2022 (ECF No. 119). The Magistrate Judge recommended denying that Motion on October 4, 2022 (Report, ECF No. 111). Petitioner has objected (ECF No. 112), but also sought to supplement the Objections (ECF No. 117). The Magistrate Judge denied supplementation (ECF No. 118), and it is of that decision that Petitioner now seeks reconsideration. He has combined objections to the denial with the request for reconsideration. The objections are for Chief Judge Marbley's consideration under Fed.R.Civ.P. 72(b)(3); the request for reconsideration is for the Magistrate Judge's decision in the first instance. Petitioner also asks the Court to certify to the Supreme Court of Ohio the court "to certify a question to the Ohio Supreme pursuant to S.Ct, Prac.

9.01 to clarify if the *Leyh* decision is a Change in law or a clarification in law to decide if retroactivity is an issue." (Motion, ECF No. 120, PageID 7657).

## Analysis

Petitioner first argues that the Court's decision not to allow supplementation is infected with "confirmation bias, actual bias against a pro se litigant." *Id.*

A generally held definition of confirmation bias is as follows:

> Confirmation bias is the tendency to search for, interpret, favor, and recall information in a way that confirms or supports one's prior beliefs or values. People display this bias when they select information that supports their views, ignoring contrary information, or when they interpret ambiguous evidence as supporting their existing attitudes. The effect is strongest for desired outcomes, for emotionally charged issues, and for deeply entrenched beliefs. Confirmation bias cannot be eliminated, but it can be managed, for example, by education and training in critical thinking skills.

(Nickerson, Raymond S. (1998), "Confirmation bias: A ubiquitous phenomenon in many guises", Review of General Psychology, 2 (2): 175–220).  As implied by Nickerson's definition, confirmation bias is a ubiquitous human tendency which can be managed but not eliminated. But aside from making a general accusation, Petitioner has offered no proof of confirmation bias on the part of the undersigned.  That is, he has not said what new information he believes the undersigned ignored in order to adhere to his prior decision.

Petitioner also accuses the undersigned of bias against him as a *pro se* litigant.  Here again Petitioner has pointed to no evidence, no issue decided in a particular way because Petitioner is proceeding *pro se*.

Petitioner next argues that motions to amend pleadings are to be liberally granted under

3

Fed.R.Civ.P. 15 (ECF No. 120, PageID 7657, citing *Foman v. Davis*, 371 U.S. 178 (1962)). *Foman's* rationale is that a plaintiff ought to be allowed to test his claim on the merits. But that rationale applies at the outset for the legal process; Fed.R.Civ.P. 15 applies to amendment of a complaint or similarly situated pleading. This case is at the other end of the process and Petitioner has been given many opportunities to test his claims on the merits, and no court has found them meritorious, even to the point of granting a certificate of appealability.

Petitioner claims the Magistrate Judge did not deny the Motion to Supplement on the basis of any reasons accepted by *Foman*. That is correct because *Foman* applies to motions to amend initial pleadings, not motions for relief from judgment. As the principal reason for denying the Motion to Supplement, the Magistrate Judge held:

> The Magistrate Judge has already found the prior 60(b) motion to be untimely because it raises claims that should have been made in Petitioner's Motion to Amend the Judgment under Fed.R.Civ.P. 59(e). The instant Motion to Supplement, filed four months after the underlying 60(b) motion, is more untimely yet. On that basis it should be denied.

(ECF No. 118, PageID 7654).

The Magistrate Judge agrees completely that a Fed.R.Civ.P. 59(e) motion suspends the finality of the underlying judgment, that denial of the 59(e) is appealable, and that a Rule 60(b) motion can be filed outside the twenty-eight day limit on 59(e) motions. Petitioner concludes from this that his 60(b) motion is not untimely (ECF No. 120, PageID 7661). On the contrary, Fed.R.Civ.P. 60(c) provides "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the **entry of the judgment** or order or the date of the proceeding." (emphasis supplied). It does not say after the judgment became final and appealable; it says "entry." The judgment in this case, whose appealability was suspended by filing the Motion to amend, was entered July 6, 2021. Petitioner's 60(b) motion was filed more

4

than a year later and his Motion to Supplement four months later still.

Petitioner argues that, because a notice of appeal transfers jurisdiction to the court of appeals, this Court would not have had jurisdiction to decide the 60(b) motion if it had been filed on or before July 6, 2022. But Fed.R.Civ.P. 62.1 provides for this contingency.

Petitioner claims his Motion was unopposed and should have been granted on that basis under S. D. Ohio Civ. R. 7.2. The Motion to Supplement was filed February 6, 2023, and denied February 7, 2023, which is several weeks before the time allowed for opposition. On the other hand, Petitioner did not seek consent from Respondent to the Motion. See S. D. Ohio Civ. R. 7.3.

More importantly, a judge is charged with deciding motions according to law. When a party seeks relief that is not authorized by law, a prompt decision to that effect promotes the speedy disposition of cases. Judges are authorized by precedent even to raise affirmative defenses *sua sponte* in habeas cases such as procedural default and the statute of limitations. *Day v. McDonough*, 547 U.S. 198 (2006); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case).

Petitioner disagrees very strongly with the Magistrate Judge's reading of *State v. Leyh,* 166 Ohio St. 365 (2022), to the point of accusing the Magistrate Judge of not reading the decision. He insists that *Leyh* is a "clarification" of Ohio R. App. P. 26(B) and not a *change* in the law. Therefore, he says, it should apply retroactively to his case.

It is certainly true that *Leyh* did not change the law in the sense of changing the text of

5

26(B)[1]. But texts do not interpret themselves; they must be interpreted and applied by the courts.[2] Over time precedents interpreting legal texts change and are themselves the law. Most famously, it was the law that separate but equal facilities for Black customers satisfied the Equal Protection Clause. See *Plessy v. Ferguson,* 163 U.S. 537 (1896). But *Plessy* was overruled by *Brown v. Board of Education*, 347 U.S. 483 (1954). The text of the Fourteenth Amendment had not changed, but anyone who argued today that *Plessy* is still the law of the land would be laughed out of court.

Prior to *Leyh*, many Ohio appellate courts had conflated the two steps of App. R. 26(B), decided that the proposed assignments of error had no merit, and therefore denied the 26(B) motion. 26(B) was adopted by the Ohio Supreme Court under the Modern Courts Amendment to the Ohio Constitution and that court could have adopted a new text, acting essentially in its rule-making capacity. It chose not to do that, but instead to adopt a stricter or tighter reading of the Rule.

Regarding *Leyh*, the undersigned wrote:

> The Motion is also without merit. First of all, it relies on *State v. Leyh,* 166 Ohio St.3d 365, 2022-Ohio-292 (2022). *Leyh* was decided February 8, 2022, well after this Court entered judgment dismissing the Petition and also after we denied Petitioner's Fed.R.Civ.P. 59(e) motion. *Leyh* was certainly decided well after the Ohio Tenth District Court of Appeals denied Petitioner's App. R. 26(B) Application on January 31, 2019 (Opinion, State Court Record, ECF No. 45-1, Ex. 82). There is no indication in *Leyh* that it is to be applied retroactively to cases decided before it was handed down, even by the Ohio court, much less by federal courts reviewing state court decisions.

(ECF No. 116, PageID 7655).

In arguing his position that *Leyh* should apply retroactively, Petitioner relies on the

---

[1] The undersigned is well familiar with that text having been on the Ohio Supreme Court's Rules Advisory Committee that recommended the rule to the court in response to its instructions in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).
[2] See "The Meaninglessness of the Plain Meaning Rule," Michael R. Merz, 4 Univ. Dayton L. Rev. 31 (1979).

dissenting opinion of Justice Donnelly in *State v. Gutierrez*, 168 Ohio St. 3d 1530 (2023). But that citation supports rather than undermining the Magistrate Judge position: multi-judge courts do not make law through dissenting opinions. The same analysis applies to Justice DeWine's dissenting opinion in *Leyh* itself.

To the extent the Motion urges the Magistrate Judge to reconsider his interpretation of *Leyh* and apply it to this case, the Motion is denied. To the extent Petitioner objects on the basis of *Leyh*, that is for Chief Judge Marbley to decide. If there is any confirmation bias involved in this case, it is Petitioner's insistence that his reading of *Leyh* must be correct.

**Request to Certify**

Petitioner has also requested that the Court certify to the Supreme Court of Ohio the question of whether "*Leyh* is a change in the law or a clarification of the law."

This is Petitioner's third such motion in this case. Previously he sought to have the Court certify a question which the Magistrate Judge found raised an issue of federal constitutional law instead of a question of state law (Motion, ECF Nos. 11, 26). In the prior Decision, the Magistrate Judge recited the relevant history of the Ohio Supreme Court rule allowing certification of questions and that history need not be repeated here (See ECF No. 26, PageID 206).

The Motion to Certify is DENIED. The question of whether *Leyh* should be applied retroactively to decisions of Ohio courts of appeals denials of App. R. 26(B) applications is undoubtedly a question of Ohio law, but its resolution in the way for which Petitioner argues is not determinative of this case. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v.*

7

*Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

If the *Leyh* analysis or even "clarification" were to be applied to the Tenth District's denial of Petitioner's 26(B) application, it would have no effect on the outcome of this case.  That is, if the Tenth District applied a wrong interpretation of 26(B), it was an error of Ohio law which this Court is not empowered to address.  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

March 5, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge