IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Joseph Shine-Johnson,** | : | |
| | : | Case No. 2:20-cv-1873 |
| **Petitioner,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Michael R. Merz |
| **WARDEN,** | : | |
| **Belmont Correctional Institution** | : | |
| | : | |
| **Respondent.** | : | |

## OPINION & ORDER

This matter is before the Court on Petitioner's Objection (ECF No. 112) to the Magistrate Judge's Report and Recommendation (ECF No. 111) recommending Petitioner's underlying Motion to Set Aside the Judgment (ECF No. 110) be dismissed as untimely. This Court also considers Petitioner's Motion for Reconsideration of Supplemental Amendment to Motion for Relief of Judgment 60(B) and Objection (ECF No. 120) challenging the Magistrate Judge's denial of Petitioner's Motion for Leave to Supplement Federal Civil Rule 60(B) Motion (ECF No. 118). For the following reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 111) and **OVERRULES** Petitioner's Objections (ECF No. 112, 120). Petitioner's Motion to Set Aside the Judgment (ECF No. 110) is **DENIED**.

### I. BACKGROUND

Petitioner Joseph Shine-Johnson is an inmate incarcerated at Belmont Correctional Institution. (ECF No. 3). Petitioner filed his writ of habeas corpus before this Court on April 14, 2020. (*Id.*). This Court issued an order dismissing the petition with prejudice on July 6, 2021 (the "Dismissal Order"). (ECF No. 96). Petitioner made several attempts to gain review of the Dismissal Order. Petitioner first filed a motion for reconsideration on July 30, 2021 (ECF No. 98),

1

which this Court denied on November 17, 2021 (ECF No. 104). Petitioner appealed the Court's denial on November 29, 2021 (ECF No. 105); the Sixth Circuit affirmed this Court's judgment on September 15, 2022 (ECF No. 109). On September 30, 2022, Plaintiff filed his Motion to Set Aside the Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 110).

In his Motion, Petitioner moves for relief from this Court's "judgment of November 17, 2021"—the same Order that Petition unsuccessfully appealed.[1] Petitioner argues therein that this Court "has made critical mistakes [and] inadvertences in the law that prevented the district courts from conducting a fair proceeding and arriving at the correct judgment." (ECF No. 110 at 1).

The Magistrate Judge produced a Report and Recommendation recommending that this Court deny Petitioner's Motion. The Report and Recommendation first noted the following:

> Petitioner argues his Motion is timely because he seeks relief "from judgment of November 17, 2021, pursuant to USCS Fed Rules Civ. Proc. R 60(b)(1)(6)." *Id.* at PageID 7475. No judgment was entered November 17, 2021. Instead on that date Chief Judge Marbley denied Petitioner's Motion under Fed.R.Civ.P. 59(e) to Alter or Amend the final judgment dismissing the Petition in this case. That judgment was entered July 6, 2021 (ECF No. 97).

(ECF No. 111 at 1).

Noting that the Dismissal Order (issued July 6, 2021) is the actual object of Petitioner's Motion (filed September 30, 2022), the Report and Recommendation recommended dismissal for three reasons. First, Petitioner's arguments claiming mistake of law should have been made in his earlier Motion to Amend the Judgment (ECF Nos. 98) which this Court considered (ECF No. 104), the outcome of which Petitioner unsuccessfully appealed. Second, found the Magistrate Judge, Petitioner's Motion is untimely given that Federal Rule of Civil Procedure 60(c) places a one-year time limit on Rule 60(b)(1) motions for relief from judgment on the basis of mistake of law. Third,

---

[1] This Court notes that its November 17, 2021 Order was not a judgment; instead, it denied Petitioner's challenge to its final judgment entered July 6, 2021 ("the Dismissal Order"). As such, this Court construes Petitioner's Motion for Relief from Judgment to be directed toward the Dismissal Order.

2

the Magistrate Judge reasoned, relief cannot be granted under the catch-all Rule 60(b)(6) given that the basis for Petitioner's Motion (mistake of law) is directly captured by Rule 60(b)(1); as such, Petitioner's Motion properly arises pursuant to Rule 60(b)(1) and is untimely under Rule 60(c). (ECF No. 111 at 2–3) (citing *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir. 2004) (*en banc*)). The Report and Recommendation lastly recommends that Petitioner be denied a certificate of appealability and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. Petitioner timely objected. (ECF No. 112).

After filing his Objection (the "first Objection"), Petitioner filed a Motion for Leave to Supplement his Federal Civil Rule 60(B) Motion. (ECF No. 117). The Magistrate Judge denied Petitioner's Motion. (ECF No. 118). In response, Petitioner then filed his Motion for Reconsideration of Supplemental Amendment to Motion for Relief of Judgment 60(B) and Objection (the "second Objection"). (ECF No. 120). The Magistrate Judge denied Petitioner's Motion to the extent it requested the Magistrate Judge to reconsider his earlier Order. (ECF No. 121). Petitioner also styled his Motion as an Objection to the Magistrate Judge's denial of his Motion for Leave. Petitioner's second Objection is thus properly before this Court.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). When a party objects to a Magistrate Judge's Report & Recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review,

3

the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Although the Court must consider timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995)). Rule 72(a) provides "considerable deference to the determinations of magistrates." *Siegler v. City of Columbus*, 2:12-CV-472, 2014 WL 1096159, at *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). The "clearly erroneous" standard applies to factual findings by the magistrate judge, while legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

Rule 60(b) permits this Court to grant a motion for relief from a final judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Public policy favoring finality of judgments and termination of litigation limits application of the rule. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). "Therefore, 'relief under Rule 60(b) is . . . extraordinary.'" *Moore v. United States*, No. 14-114-DLB-HAI, 2018 WL 5046065, at *1 (E.D. Ky. Oct. 17, 2018) (citing *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016)).

Rule 60(b)(1) provides relief "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (citing *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). Moreover,

4

a motion under Rule 60(b)(1) must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). "The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1988).

### III.　LAW AND ANALYSIS

#### A. Petitioner's First Objection

Petitioner's first Objection argues that whether a Rule 60(b) motion is untimely is an issue that can only be addressed as an affirmative defense which Defendants waived by failing to raise it. Further, Petitioner argues, this Court is not required to dismiss his petition as untimely where the interests of justice mandate its resolution on the merits. Petitioner finally argues once more that this Court's Dismissal Order was clearly erroneous.

While Petitioner's Objection takes issue with the conclusion reached in the Report and Recommendation, it does not demonstrate how it was clearly erroneous. Petitioner does not otherwise demonstrate that Fed. R. Civ. P. 60(c)(1)'s one-year statute of limitations does not apply to bar his Motion. Petitioner also does not cite to any legal authority demonstrating that Defendants must argue that his Motion is time-barred for this Court to find that it is so. As apparent from the decisions of other courts in the Sixth Circuit, this Court may construe Petitioner's Motion as falling under the relevant subsection of Rule 60(b) and apply the statute of limitations accordingly. *See United States v. Altiery,* No. 2:13-CR-00042-1-JRG, 2022 WL 3971106, at *2 (E.D. Tenn. Aug.

30, 2022) (construing and dismissing as untimely a petitioner's motion as a Rule 60(b)(1) motion despite petitioner's intention to move under Rule 60(b)(6)) (collecting cases).

This is the extent of Petitioner's Objection that is directly answerable to the Report and Recommendation's basis for dismissing his Motion. The Report and Recommendation found that Petitioner failed to bring his Motion within the one-year limitation, a conclusion which Petitioner does not demonstrate was made in error. Instead, Rule 60(c)(1) instructs that where, as here, Petitioner's Motion proceeds under Rule 60(b)(1), it must be filed no longer than a year after the entry of the order at issue. Fed.R.Civ.P. 60(c)(1). Petitioner's Motion, which alleges a legal error and explicitly purports to move under Rule 60(b)(1), was filed more than a year after the Dismissal Order and is thus untimely: this Court's Order was filed on July 6, 2021, and the Petitioner's Motion to Set Aside the Judgment was filed on September 20, 2022. *See Kemp v. United States,* 213 L. Ed. 2d 90, 142 S. Ct. 1856, 1865 (2022) (affirming the Eleventh Circuit's dismissal of a petitioner's Rule 60(b) motion because it alleged a legal error in the underlying judgment and "was thus cognizable under Rule 60(b)(1), subject to a 1-year limitations period, and, therefore, untimely.").

This Court has otherwise reviewed *de novo* the Report and Recommendation as it relates to Petitioner's objections and finds it to be correct in all respects. Petitioner's other objections fail substantively to address the Report and Recommendation; instead, the objections simply reiterate his grounds for relief. Consequently, Petitioner's objections are overruled. *See Frazier v. Woods,* No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that, "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his . . . claims."). This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

### B. Petitioner's Second Objection

This Court turns to the Petitioner's second Objection contained in his Motion for Reconsideration of Supplemental Amendment to Motion for Relief of Judgment 60(B) and Objection. (ECF No. 120). Petitioner's second Objection concerns the Magistrate Judge's denial of his Motion for Leave to Supplement his Federal Civil Rule 60(B) Motion.

The basis for Petitioner's underlying Motion for Leave to Supplement is that the Ohio Supreme Court's decision in *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, constitutes a "clarification" of Ohio R. App. P. 26(B), which applies retroactively to his case. Petitioner reasons that *Leyh* applies to his ineffective assistance of appellate counsel claims which this Court dismissed in denying his habeas corpus petition. (ECF No. 96 at 13–15). As such, Petitioner contends, his Motion for Leave to Amend his Motion to Set Aside the Judgment to include discussion of *Leyh* should be granted.

In *Leyh*, the Ohio Supreme Court clarified that a criminal defendant need only establish "a genuine issue of ineffective assistance of appellate counsel" to warrant a reopening of his or her appeal pursuant to Ohio R. App. P. 26(B). 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 39. In so holding, the Court explicitly cautioned state courts that a defendant need not make a strong showing of the likelihood of success on his or her Rule 26(B) claims to be allowed to reopen the appeal. *Id.* at ¶ 27. As the Court also held, however, "[g]enerally, a new decision does not apply to convictions that were final when the decision was announced." *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 97.

As the Magistrate Judge noted, *Leyh* was decided well after Petitioner's Rule 26(B) motion was denied by the Ohio Tenth District Court of Appeals, after this Court entered judgment dismissing his habeas corpus petition, and after this Court denied Petitioner's Fed.R.Civ.P. 59(e)

7

motion. (ECF No. 121 at 6). The Magistrate Judge reasoned that *Leyh* is inapplicable because the Ohio Supreme Court did not indicate that the decision was to be applied retroactively. Petitioner's second Objection makes clear that he reads *Leyh* differently. Petitioner did not demonstrate, however, that the Magistrate Judge erred in his conclusion that *Leyh* is inapplicable. In fact, Plaintiff failed to argue that *Leyh* should be applied retroactively at all. There is, however, a more straightforward reason that Petitioner's second Objection fails. In this Order, this Court adopts the Magistrate Judge's Report and Recommendation, thus denying Petitioner's Motion to Set Aside the Judgment due in part to untimeliness. *See supra* Section III.A. Given the untimeliness of Petitioner's Motion—which is dispositive in its own right—Petitioner's second Objection necessarily fails. Nothing in Petitioner's second Objection or his related filings undermines this finding. As such, Petitioner's second Objection is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 111) and **OVERRULES** Petitioner's Objections (ECF No. 112, 120). Petitioner's Motion to Set Aside the Judgment (ECF No. 110) is **DENIED**. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** May 22, 2023