# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,         :        Case No. 2:20-cv-1873

   - vs -                           Chief Judge Algenon L. Marbley
                                 Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                               :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration of its decision to deny his Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(ECF Nos. 110, 122, 123).

**Standard of Review**

Petitioner cites no authority for a District Court to reconsider its decision on a Rule 60(b) motion. However, the 60(b) decision is appealable and the Motion for Reconsideration is made within the time when a motion could properly be filed under Fed.R.Civ.P. 59(e) to amend that decision. The Court will accordingly consider the Motion under the Rule 59(e) standard. As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a report and recommendations.

1

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

2

Petitioner does not argue his Motion in terms of the Rule 59(e) standard. He presents no new evidence nor any change in relevant law since May 22, 2023, when the Court denied his Rule 60(b) Motion. He reminds us at the outset of his Motion that *pro se* pleadings are to be liberally construed. This Report will therefore analyze the Motion for any showing of error in the law or creation of injustice to the parties.

## Case Chronology

The correctness of decisions of this Court and the involved Ohio courts may depend on a correct application of the law at various discrete points in time. The relevant dates are below:

02/24/2017   Jury verdicts finding Petitioner guilty of murdering his father (State Court Record, ECF No. 39, PageID 406).

08/21/2018   Conviction and sentence affirmed. *State v. Shine-Johnson*, 2018-Ohio-3347 Ohio App. 10th Dist. Aug. 21, 2018).

11/27/2018   Petitioner filed an Application to Reopen his Appeal to raise claims of ineffective assistance of appellate counsel. The Tenth District denied the Application as untimely.

03/04/2020   Petitioner filed his Petition in this Court.

03/29/2021   Report and Recommendations on the merits filed (ECF No. 85). Petitioner's Ground Six, ineffective assistance of appellate counsel, was found procedurally defaulted because it had been untimely filed as the Tenth District had found. *Id.* at PageID 6363-64. However, they delay was excused by the late mailing by prison officials. The Report therefore reached the merits and found no merit in the ineffective assistance of appellate counsel claim. *Id.* at PageID 6365-66.

07/06/2021   Chief Judge Marbley adopted the Report and dismissed the case (ECF No. 96).

02/08/2022   Ohio Supreme Court decided *State v. Leyh*, 166 Ohio St. 3d 365 (2022).

06/07/2022   Sixth Circuit denied certificate of appealability on all claims, including ineffective assistance of appellate counsel (ECF No. 107, 108).

| | |
|---|---|
| 09/30/2022 | Petitioner's 60(b) motion filed. |
| 10/04/2022 | Report and Recommendations to deny 60(b) Motion as untimely (ECF No. 111). |
| 02/06/2023 | Petitioner sought to supplement his 60(b) motion by arguing he was entitled to relief under *Leyh*. |
| 03/06/2023 | Magistrate Judge denied motion to supplement on grounds *Leyh* was available when 60(b) motion was filed and in any event was inapplicable on the merits and not made retroactive to cases final on appeal before it was handed down. |
| 05/22/2023 | Chief Judge Marbley adopted R&R to deny 60(b) and overruled objections to denial of motion to supplement (ECF No. 122). |

## Analysis

The Magistrate Judge recommended denial of the 60(b) Motion as untimely and Chief Judge Marbley adopted that recommendation. Because it argued the final Order was based on a mistake of law, the Court held it was properly classified as a motion under Rule 60(b)(1) and therefore required to be brought within one year of final judgment per Rule 60(c).

Petitioner now argues[1] his Rule 60(b) motion was not untimely because, as required for a motion under Rule 60(b)(6), it was brought within a reasonable time after judgment. (Motion, ECF No. 123, relying on *Smith v. Sec'y of Health and Human Svcs.,* 776 F.2d 1330, 1333 (6th Cir. 1985)).

This argument does not deal at all with the law holding that a litigant cannot use Rule 60(b)(6) to raise a claim which is properly brought under Rule 60(b)(1). In other words, merely

---

[1] Petitioner begins his Motion by complaining that he has never been given a "return copy" of his filings in this case and cannot reference them in future filings. Nothing prevents Petitioner from keeping a copy of what he files. Alternatively, he can send the Clerk a copy and asked that it be file-stamped and returned to him. If he furnishes the Clerk with a self-addressed postage paid envelope, the Clerk will mail the copy back to him. Although it is expensive to do so, he can also request from the Clerk a printed copy of any document filed in the case. This procedure applies to all litigants in this Court and is commanded by policies adopted by the Judicial Conference of the United States.

4

labeling a motion as brought under Rule 60(b)(6) does not avoid the one-year limitation if the relief sought is from a mistake of law. The holding in *Smith, supra*, directly supports this Court's decision that 60(b)(6)'s reasonable time requirement cannot substitute for the one-year limitation on motions properly brought under 60(b)(1).

Moreover, Petitioner's only argument that his motion was filed within a reasonable time after judgment is that *Leyh* was decided while his appeal was pending in the Sixth Circuit (Motion, ECF No. 123, PageID 7690). That argument is unpersuasive. The pendency of an appeal from this Court's judgment in no way prevented Petitioner from filing a motion for relief from judgment here, based on *Leyh*, before the appeal was decided. In sum, even if the motion for relief from judgment were properly brought under 60(b)(6) instead of 60(b)(1), waiting fourteen months to file is not "reasonable" when the predicate change in the law (*Leyh*) happened seven months before filing and Petitioner waited another five months before attempting to bring *Leyh* into this case.

Petitioner acknowledges that a change in decisional law is usually not sufficient to justify relief from judgment under Fed.R.Civ.P. 60(b)(6), but notes that "usually" does not mean "never." But then he argues *Leyh* did not change decisional law but merely clarified it (Motion, ECF No. 123, PageID 7691). That argument puts the weight of the change in decisional law factor on the wrong side of the scale. If a "change" in decisional law is sufficient to justify 60(b)(6) relief only in rare cases, a mere "clarification" of decisional law would be less likely to justify relief.

In any event, the Magistrate Judge disagrees with Petitioner's distinction between "change" and "clarification." Before *Leyh* Ohio appellate judges were free to decide the merits of ineffective assistance of appellate counsel claims upon initial filing of 26(B) applications; after *Leyh* they are required to apply a two-stage analysis, first deciding if the 26(B) application presents a colorable claim and, if so, deciding the merits of that claim upon full briefing. That is a change in the

5

procedural law of deciding ineffective assistance of appellate counsel claims and it was made by a decision of a court in a pending case, to wit, the Ohio Supreme Court[2]. Neither Ohio nor federal law recognizes the ultra-fine distinction between "change" and "clarification" on which Petitioner relies. If the distinction were recognized, it would cut against the outcome Petitioner seeks.

Petitioner argues his case involves not only a change in the law, but the "extraordinary circumstance" also needed because the Tenth District abused its discretion in not accepting his 26(B) application. But this Court recognized excusing cause for the asserted procedural default because prison officials mailed the 26(B) late. Having done so, this Court reached the merits of Petitioner's ineffective assistance of appellate counsel claims and found them to be without merit. The Sixth Circuit effectively affirmed that conclusion by denying a certificate of appealability on that claim (ECF Nos. 107, 108).

Ignoring these rulings on the merits of his ineffective assistance of appellate counsel claim, Petitioner now asserts he was denied a state-created liberty interest when the Tenth District did not decide this claim on the merits (Motion, ECF No. 123, PageID 7693). This argument is in error for a number of reasons. First of all, the right under 26(B) to a hearing on the merits of an ineffective assistance of appellate counsel claim is not a liberty interest, but a procedural right.

Second, deprivation of that right by an erroneous decision of an Ohio court of appeals is not a deprivation of due process under the federal Constitution. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d

---

[2] Under the Ohio Modern Courts Amendment, the Ohio Supreme Court can also "change" the law by adopting or amending rules. Ohio R. App. P. 26(B) became law in this way. After deciding in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), that claims of ineffective assistance of appellate counsel could not be considered in post-conviction proceedings under Ohio Revised Code § 2953.21, the Court instructed its Rules Advisory Committee to draft a proposed rule of appellate procedure to provide a mechanism for deciding those claims. Rule 26(B) was the result.

1506, 1515 (6th Cir. 1993).

Third, the remedy for a state court's failure to follow its own procedural law in deciding an ineffective assistance of appellate counsel claim is for a federal habeas court to reach and decide the merits of the claim, which is exactly what happened here.

Petitioner argues that retroactive application of *Leyh* is not an issue because *Leyh* merely clarifies the correct interpretation of 26(B) as of the time of Petitioner's conviction (ECF No. 123, PageID 7699). He concludes "Shine-Johnson met the requirements to have his direct appeal reopened." *Id.* Assuming that is true for sake of argument, this Court has already provided the appropriate remedy: consideration of the ineffective assistance of appellate counsel claim on the merits. To put it another way, Shine-Johnson has no constitutional right to Tenth District consideration of his ineffective assistance of appellate counsel claim on the merits. This Court can grant habeas corpus relief only for the violation of constitutional rights and there is no U.S. Supreme Court holding that recognizes such a right. Such a holding is necessary under 28 U.S.C. § 2254(d)(1).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion for Reconsideration, construed as a motion under Fed.R.Civ.P. 59(e), be denied. The Court has already determined that a certificate of appealability should not issue as to any appeal of its Order of May 22, 2023, and certified that any such appeal would be frivolous (See ECF No. 122, PageID 7687). Nothing in the Motion for Reconsideration requires amendment of those conclusions.

June 8, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
