# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :    Case No. 2:20-cv-1873

  - vs -        Chief Judge Algenon L. Marbley
                  Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                  :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's "60(B) reconsideration R&R's Construed as 59(e)" (the "Motion," ECF No. 125) filed in response to the Magistrate Judge's Report and Recommendations (ECF No. 124) which recommended denying Petitioner's prior Motion for Reconsideration (ECF No. 123). Chief Judge Marbley has recommitted the case for further consideration in light of the Motion (ECF No. 126).

Although the instant Motion is labeled as a motion for reconsideration, it consists of Petitioner's objections to the Magistrate Judge's Report and Recommendations (ECF No. 124). The Court should treat the Motion as objections made under Fed.R.Civ.P. 72 because (1) that is what they are in substance and (2) Petitioner has not filed any document labeled "objections" directed to the June 8, 2023, Report and the time for doing expired June 25, 2023. Treating the Motion as objections under Fed.R.Civ.P. 72 is consistent with the Court's duty to liberally construe *pro se* filings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th

1

Cir. 2001).

**Status of the Case**

Chief Judge Marbley ordered this case dismissed with prejudice July 6, 2021 (ECF No. 96). Petitioner appealed but the Sixth Circuit denied a certificate of appealability June 27, 2022 (ECF No. 107). Petitioner filed a motion for relief from judgment under Fed.R.Civ.P. 60(b) on September 30, 2022 (ECF No. 110) which Chief Judge Marbley denied on May 22, 2023 (ECF No. 122). Petitioner filed a Motion for Reconsideration of that decision (ECF No. 123) which the Magistrate Judge recommended be construed as a motion under Fed.R.Civ.P. 59(e) and denied (ECF No. 124). The instant Motion, construed as objections, was filed June 26, 2023.

**The Instant Motion**

This Supplemental Report will deal with Petitioner's Objections in the order in which they are raised.

**Correct the Record**

Petitioner objects to the Magistrate Judge's conclusion that his Rule 60(b) Motion (ECF No. 110) was untimely filed (Motion, ECF No. 125, PageID 7712-15). He contends the one-year time limit on 60(b) motions should run from November 17, 2021, the date on which Chief Judge Marbley denied Petitioner's Fed.R.Civ.P. 59(e) motion, instead of from July 6, 2021, the date of

2

the underlying judgment dismissing his habeas petition.

It could properly be held this contention is itself untimely because it should have been made when Petitioner objected to the R&R recommending denial of his 60(b) motion as untimely (ECF No. 112, filed 10/20/2022) instead of being held back for eight months until the instant filing. Nevertheless, in the interest of judicial economy, the Magistrate Judge will address the merits of the argument rather than its timeliness.

The Court's Judgment of July 6, 2021, is plainly a final appealable judgment.  The date by which an appeal must be taken – usually thirty days -  is postponed by the pendency of a motion to amend under Fed.R.Civ.P. 59(e).  Therefore Petitioner's Notice of Appeal (ECF No. 105) was timely when filed November 29, 2021.  The Sixth Circuit treated it as timely and pertaining to both the July 6th and November 17th orders (*Shine-Johnson v. Gray*, 6th Cir. Case No. 21-4162, Order of June 27, 2022; copy at ECF No. 107).  Petitioner filed his 60(b) Motion September 30, 2022, well within one year from denial of his 59(e) motion.  The Magistrate Judge withdraws his recommendation to find the 60(b) motion untimely.

On February 6, 2023, Petitioner sought leave to supplement his 60(b) motion (ECF No. 117).  The Magistrate Judge denied leave to supplement on the merits and also on grounds the motion was untimely (ECF No. 118).  Because the motion to supplement was filed almost three months after the anniversary of the November 17th Order[1], the conclusion it was untimely remains correct.

---

[1] Fed.R.Civ.P. 60(c) sets a one-year time limit on filing a motion for relief from judgment under Fed.R.Civ.P. 60(b)(1)-(5).  That time limit would be meaningless if any amendment to or supplement of a motion filed within one year were considered to be timely.

**Merits of the Motion for Relief from Judgment**

In his Motion for Relief from Judgment, Petitioner asserts six mistakes of law allegedly committed by this Court in dismissing his habeas petition:

1. Imposing an improper procedural default standard, resulting in denial of relief on Grounds for Relief One, Two, Three, and Four and imposing an unduly burdensome certificate of appealability standard.

2. Imposing an improper discovery standard and imposing an unduly burdensome certificate of appealability standard.

3. Imposing an improper ineffective assistance of trial counsel standard and imposing an unduly burdensome certificate of appealability standard.

4. Imposing an improper and unduly burdensome actual innocence standard and imposing an unduly burdensome certificate of appealability standard.

5. Improperly holding the State did not have to prove Petitioner's use of force was not in self-defense as an element of the crime of murder.

(Motion, ECF No. 110, PageID 7475-77).

Petitioner purports to bring his Motion under both Rule 60(b)(1) and 60(b)(6). *Id.* at PageID 7475. However, these two provisions have been held to be mutually exclusive; if a motion for relief can be brought under 60(b)(1), it cannot be brought under 60(b)(6). *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more

specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc)(vacated on other grounds, 545 U.S. 1151 (2005), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988)).

Rule 60(b)(1) is available when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Petitioner's entire argument is that this Court made numerous mistakes of law in dismissing his Petition, an argument which can be heard under Rule 60(b)(1). However, each of those arguments was before the Sixth Circuit on Petitioner's appeal from the dismissal and was rejected by that Court in denying a certificate of appealability. The Sixth Circuit expressly held that reasonable jurists would not debate this Court's conclusions that Petitioner's first five grounds were procedurally defaulted; that Petitioner did not demonstrate that the failure to consider his procedurally defaulted claims would result in a fundamental miscarriage of justice; that Petitioner's claim of ineffective assistance of appellate counsel was without merit; that Petitioner's claim that he was entitled to retroactive application of the new Ohio law on burden of proof in self-defense cases was without merit; or this Court's rejection of Petitioner's requests for discovery and certification to the Supreme Court of Ohio were without merit. *Johnson, supra*.

Rule 60(b) is not to be used as a substitute for appeal. When Petitioner appealed and sought review of these questions, the Sixth Circuit found all of them unworthy of full briefing and decision by denying a certificate of appealability. A three-judge panel which did not include Judge White found she "did not misapprehend or overlook any point of law or fact in issuing the order" denying a certificate of appealability and declined to rehear the case (Order*, Johnson, supra*, ECF No. 107). Although a decision on a certificate of appealability does not technically establish the

5

law of the case binding on a lower court (*Keahey v. Marquis,* 978 F.3d 474, 481 (6th Cir. 2020)), the fact that it was the considered opinion of four circuit judges that there was no appealable issue can surely inform the discretion of a district court considering whether to reopen its own judgment..

Given the Sixth Circuit's thorough consideration of the issues, there is no good reason for this Court to revisit its July 6 and November 17, 2021, judgments. The Magistrate Judge again recommends Petitioner's Rule 60(b) Motion (ECF No. 111) and the instant Motion (ECF No. 125) be denied.

**Amendment/Supplement to 60(b) Motion**

On January 27, 2023, Petitioner moved for leave to supplement his Rule 60(b) motion to seek relief based on *State v. Leyh*, 166 Ohio St.3d 365 (2022)(ECF No. 117). The Magistrate Judge denied the Motion to Supplement because it was untimely and also without merit (Decision, ECF No. 118). Despite now finding the 60(b) motion itself was timely, the Magistrate Judge adheres to his conclusion that the supplement was untimely because it was filed more than a year after the November 17, 2021, judgment. Petitioner's claim that "amendment of the 60(b) was also timely because it was done before November 17, 2021," is refuted by the docket. It is counted as filed January 27 (mailbox deposit) and was docketed February 3.

Petitioner devotes most of the instant Motion (PageID 7715-38) to his claim that he is entitled to relief under *Leyh*, either because he has a liberty interest in the 26(B) procedure prescribed by *Leyh* or because failure of the appellate court to follow that procedure, long before *Leyh* was decided, deprived him of access to the courts.

In *Leyh* the Supreme Court of Ohio held Ohio appellate courts adjudicating ineffective

6

assistance of appellate counsel claims under Ohio R. App. P. 26(B) must follow a two-step process.

> [T]he two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).

*Leyh* at ¶ 25.

Petitioner argues *Leyh* did not change the law, but merely clarified it and therefore there is no need for any retroactivity analysis: *Leyh*, he asserts, "clarifies the law at the time of the petitioner's unlawful conviction." (Motion, ECF No. 125, PageID 7716). For this effect of a decision clarifying an existing statute, Petitioner relies on and quotes language from *Volpe v. Trim*, 708 F. 3d 668, 772 (6th Cir. 2013). The flaw in this argument is that the quoted language is from an argument made by the petitioner in that case that Judge White was criticizing ("The problem with this seemingly compelling argument is. . ."). *Volpe* does not support Petitioner's position.

The Magistrate Judge has previously dealt with Petitioner's claims that that Rule 26(B) as interpreted in *Leyh* creates a liberty interest of which Petitioner was deprived when the Ohio appellate court did not apply 26(B) as interpreted in *Leyh*. Although Petitioner argues this point vigorously and at great length in the instant Motion, it does not require further analysis. If *Leyh* were applicable to Petitioner's case, it would create at most a state procedural right (i.e., consideration of 26(B) motions in two stages) rather than a liberty interest.

Petitioner's claim that the appellate court's refusal to consider his 26(B) motion on the merits is an attempt to pull his case up by its own bootstraps. If every time a court refused to hear an argument on procedural grounds it could be found somehow to have denied "access to the courts," then there would never be a procedural bar to a merits argument. On this basis, the statute

7

that allows the Supreme Court to deny certiorari in 99% of the cases where it is requested would be unconstitutional.

**Conclusion**

The Magistrate Judge respectfully recommends the instant Motion be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 20, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
