# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JOSEPH SHINE-JOHNSON, | : | |
| Petitioner, | : | Case No. 2:20-cv-1873 |
| - vs - | : | Chief Judge Algenon L. Marbley |
| | | Magistrate Judge Michael R. Merz |
| | : | |
| WARDEN,<br>Belmont Correctional Institution, | : | |
| Respondent. | : | |

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Joseph-Shine Johnson, is before the Court on Petitioner's Objections ("Objections," ECF No. 128) to the Magistrate Judge's Supplemental Report and Recommendations (Supp. Report, ECF No. 127) recommending denial of Petitioner's Motions for Reconsideration (ECF Nos. 123, 125).

Filed post-judgment, the Motions for Reconsideration required a recommended disposition from the Magistrate Judge. A litigant who receives an adverse recommendation on a dispositive matter such as a motion under Fed.R.Civ.P. 59(e) is entitled to *de novo* determination of any portion of the recommendation to which substantial objection is made. This Opinion embodies the results of the Court's *de novo* review.

Joseph Shine-Johnson filed his Petition for Writ of Habeas Corpus in this case April 14, 2020 (ECF No. 3).  The Court entered judgment dismissing the Petition with prejudice July 6, 2021 (ECF Nos. 96, 97).  The Sixth Circuit Court of Appeals denied a certificate of appealability June 27, 2022 (ECF No. 107).  The Supreme Court of the United States denied certiorari review February 21, 2023 (ECF No. 119).

Immediately after judgment, Petitioner filed a Motion to Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 98). After that Motion was unsuccessful, Petitioner filed a Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(ECF No. 110). The Court denied that Motion on May 22, 2023 (ECF No. 122) and Shine-Johnson has not appealed. Instead, he has filed two Motions for Reconsideration and one set of Objections (ECF Nos. 123, 125, 128).

This case has been marked by frequent requests that the Court reconsider decisions already made. The Court understands that it is Petitioner's liberty which is at stake and he cannot be faulted for his fervor in seeking relief, but courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

In his current Objections, Shine-Johnson argues that because the Magistrate Judge withdrew a recommendation to find the Rule 60(b) motion was untimely, all of the Magistrate Judge's prior decisions in the case should be re-examined (ECF No. 128, PageID 7749-51). The Court declines to re-examine those prior decisions.

Shine-Johnson has now clarified that claims one through four of his Motion for Relief from Judgment are made under Fed.R.Civ.P. 60(b)(1) and his fifth claim is made under Fed.R.Civ.P. 60(b)(6)(ECF No. 128, PageID 7752).

Petitioner objects to the Magistrate Judge's conclusion that the Sixth Circuit's denial of a certificate of appealability precludes consideration of the merits of the 60l(b) motion (ECF No. 128, PageID 7753). His claim is that both this Court and the Sixth Circuit were wrong on the certificate of appealability issue because

> The Sixth Circuit[']s denial of a COA in this case created a conflict within the Sixth Circuit amongst the Ohio and Michigan courts. The Sixth Circuit also creates a conflict amongst the Fifth, Seventh, Eighth, Ninth Circuit court of appeals. Several petitioners within the Michigan district courts were granted a COA based on a reasonable jurist dissenting during various stages of direct appeal and discretionary appeal.

*Id.* The Court cannot evaluate this argument because Petitioner has given no citations to the cases that supposedly embody these conflicts. Petitioner also relies on dissenting opinions in the Ohio Court of Appeals and the Supreme Court of Ohio in his case. But the question on certificate of appealability is not whether some judge believed a petitioner was entitled to relief, but whether a reasonable jurist would disagree with federal district court's disposition of the habeas corpus case, which is a different legal question altogether. In any event, if the Sixth Circuit is wrong on this question, their decision is still binding on this Court.

Petitioner argues that treating the circuit court's denial of a certificate of appealability as conclusive would eliminate the function of Rule 60(b). Not so. It is entirely possible that a litigant will present claims in a 60(b) motion on which he or she did not even seek a certificate of appealability. Conversely, treating a circuit court's COA decision as conclusive on the issues actually raised promotes finality, a key aim of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). "AEDPA aim[s] to prevent serial challenges to a judgment of conviction, in the interest of reducing delay, conserving judicial

3

resources, and promoting finality." *In re Hill*, ___ F.4th ___, 2023 WL 5493261 at 9 (6th Cir. Aug. 25, 2023), quoting *Banister v. Davis,* 140 S. Ct. 1698 at 1707 (2020).

Petitioner next objects to the Magistrate Judge's conclusion that he was not entitled to discovery of transcripts of the voir dire examination (ECF No. 128, PageID 7758-60). Petitioner references the Supp. Report, ECF No. 127, at PageID 7745-46, but there is no ruling on voir transcripts at that place. The Magistrate Judge declined to order voir dire transcribed and added to the record on February 16, 2021 (ECF No. 64). Petitioner made no objection at the time and his instant objection is therefore untimely.

Shine-Johnson objects to the Magistrate Judge's conclusion, relied on by the Sixth Circuit in denying a certificate of appealability, that he had not shown actual innocence so as to excuse his procedural defaults when the evidence he presented was an Affidavit attesting to the bad character of the decedent in this murder case, Petitioner's father. However, new evidence of the bad character of a victim is not the type of evidence of actual innocence required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995). A court only engages in the weighing of new versus old evidence in actual innocence claims if the new evidence first qualifies under *Schlup,* so Petitioner's objection to the lack of such a weighing process is misplaced.

Petitioner next turns to his claim that character and prior bad acts evidence were improperly admitted against him (Objections, ECF No. 128, PageID 7784-90). "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

Shine-Johnson objects that the Magistrate Judge improperly found he had procedurally defaulted Grounds One through Four because Respondent, he asserts, had waived that defense (Objections, ECF No. 128, PageID 7791-94). The Magistrate Judge concluded this was one of the issues on which the Sixth Circuit had decided Shine-Johnson was not entitled to a certificate of appealability (ECF No. 127). The Court agrees that its prior rulings on that issue should not be reconsidered.

Beginning at PageID 7819 under the heading "Application to Reopen," Shine-Johnson revisits his arguments about the chain of custody of his father's shotgun. Here again he asks for extensive reconsideration of prior decisions in that he claims the Magistrate Judge improperly relied on law of the case arguments in finding the Sixth Circuit's COA ruling conclusive on the claims it considered and "[t]he district court in adjudicating this claim held the petitioner to unduly burdensome standard of proof on the prejudice prong of *Strickland*. The Sixth circuit court of appeals actions was [sic] inconsistent with due process." PageID 7819. For the reasons given above, the Magistrate Judge's use of the Sixth Circuit's COA decision is not an error of law. The Court declines to reconsider at this time its application of *Strickland*. And this Court is without authority to hold the Sixth Circuit decision violates due process.

Shine-Johnson next argues the Court has misapplied 28 U.S.C. § 2254(d)(1), (d)(2), and (e)(1), asserting this is a case where the Court can overlook procedural defaults (Objections ECF No. 128, PageID 7833-54). In this section he argues again his claim that the Ohio courts were in error in their interpretation of the Ohio law of self-defense. This Court is, however, bound by state court holdings on state law questions. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6th Cir.

5

2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). Shine-Johnson's argument that the Tenth District engaged in a subterfuge to avoid a federal question is completely unpersuasive.

Shine-Johnson filed his Motion for Relief from Judgment on September 30, 2022 (ECF No. 110). On January 27, 2023, he sought leave to amend that Motion by adding a claim under *State v. Leyh*, 166 Ohio St.3d 365 (2022)(ECF No. 117). The Magistrate Judge denied the Motion to Amend on grounds it was untimely because it was filed four months after Petitioner's Motion for Relief from Judgment, which the Magistrate Judge had already found to be itself untimely.

The Magistrate Judge has now withdrawn his timeliness conclusion about the underlying 60(b) motion. Shine-Johnson argued the one-year time limit under Fed.R.Civ.P. 60(c) should run from November 17, 2021, the date on which the Court denied Petitioner's Motion to Amend the Judgment under Fed.R.Civ.P. 59(e). In the Supp. Report, the Magistrate Judge accepted that date. However, that would mean the one year under Rule 60(c) expired November 17, 2022. Because Petitioner's Motion to Supplement was not filed until January 27, 2023, it is still untimely if Petitioner's Motion for Relief is properly adjudicated under Fed.R.Civ.P. 60(b)(1). The Supp. Report reiterates this conclusion (ECF No. 127 at PageID 7743).

In his Objections, Shine-Johnson disclaims any reliance on 60(b)(1) for his *Leyh* argument and asserts it is made under Fed.R.Civ.P. 60(b)(6)(ECF No. 128, PageID 7854). Motions under 60(b)(6) are not subject to a strict one-year time limit, but instead must be brought within a "reasonable" time which, according to the circumstances, could be more or less than a year. Fed. R. Civ. P. 60(c)(1); *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). Judgment was entered

6

in this case November 17, 2021[1]. *Leyh* was decided February 8, 2022. Thus it was available to Shine-Johnson when he filed his Motion for Relief from Judgment on September 30, 2022, but he did not include his *Leyh* claim or bring it to this Court's attention until four months later when he filed his Motion to Supplement. His excuse is simply that he did not know about *Leyh*. Given the very large volume of Petitioner's filings in this case and their citation of myriad precedents, the Court finds this claim unpersuasive. Nevertheless because Petitioner is not entitled to relief on the merits of his 60(b)(6) *Leyh* claim, the Court will make no ruling on the timeliness of the Motion to Supplement, but proceed to consider the merits.

Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Judge Watson of this Court recently wrote in a capital case:

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.).

---

[1] In the sense that, with denial of Petitiomner's Rule 59(e) motion on tht date, the underlying July 6, 2021, judgment became appealable.

7

A change in decisional law is usually not, by itself, an extraordinary circumstance. *Landrum v. Anderson*, 813 F.3d 330 (6th Cir. 2016); *Wright v. Warden,* 793 F.3d 670 (6th Cir. 2015); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), citing *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

*Leyh* embodies a change in the decisional law of Ohio about procedure to be followed in deciding ineffective assistance of appellate counsel claims under Ohio R. App. P. 26(B). Petitioner has argued that *Leyh* does not involve a change in the law, but only a clarification of how Rule 26(B) is to be applied. That distinction undermines his argument rather than supporting it: if a change in decisional law will only rarely constitute an extraordinary circumstance, a clarification of the law is even less extraordinary.

In *Leyh* the Supreme Court of Ohio specified the procedure to be used in deciding ineffective assistance of appellate counsel claims in Ohio courts of appeal. If Petitioner were in a position to file a 26(B) application today[2], he would be entitled as a matter of state law to the process prescribed by *Leyh*. Shine-Johnson attempts to make this into a federal claim by arguing he had a liberty interest in having his ineffective assistance of appellate counsel claim processed as *Leyh* now prescribes, but he offers no supportive authority. Certainly the Ohio Supreme Court did not believe they were deciding a federal constitutional issue in *Leyh*; rather they were prescribing a procedure by which federal claims of ineffective assistance of appellate counsel would be processed. Shine-Johnson argues that virtually every step in the App. R. 26(B) process creates a liberty interest because it is mandatory. No so. None of the procedures mandated by

---

[2] 26(B) applications must be filed within ninety days of the appellatejudmgnet sought to be reopened; Ohio appellants are limited to one such application.

8

26(B) as interpreted in *Leyh* prescribes a substantive outcome. Accepting Petitioner's argument would erase the distinction between procedural and substantive law altogether.

Petitioner spends space discussing why his ineffective assistance of appellate counsel claims are not procedurally defaulted (Objections, ECF No. 128, PageID 7862-69). The Magistrate Judge found any procedural default was excused and decided the ineffective assistance of appellate counsel claim on the merits. Shine-Johnson claims this is inadequate. In effect he asserts he is entitled as a matter of federal due process to have 26(B) as interpreted in *Leyh* applied to his case. Petitioner cites no federal case law holding that state court procedures for deciding ineffective assistance of appellate counsel claims are constitutionally mandated. Constitutionalizing *Leyh* would upset certainly hundreds and perhaps thousands of Ohio convictions decided before *Leyh*. The Due process Clause does not sanction that result.

## CONCLUSION

Having reviewed *de novo* those portions of the Magistrate Judge's Reports and Recommendations to which objection has been made, the Court overrules the Objections (ECF No. 128) and denies the Motions for Reconsideration (ECF Nos. 123, 125). The Magistrate Judge's Reports and Recommendations (ECF Nos. 124 and 127) are ADOPTED. This case will remain closed on the docket of this Court.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 30, 2023**